HELEN BERLINGER, PETITIONER-RESPONDENT, v. MEDAL SILK COMPANY, RESPONDENT-APPELLANT.

Submitted May 25, 1934—Decided September 27, 1934.

For the respondent, *Nathan Rabinowitz, Marcus & Levy* (*Isadore Rabinowitz,* of counsel).

For the appellant, *Joseph C. Paul.*

The opinion of the court was delivered by

PERSKIE, J. This is a workmen's compensation case. The deputy compensation commissioner, John J. Stahl, found among other things that on October 20th, 1931, respondent was employed by appellant as a weaver, and had been so employed for a period of seven years prior thereto. That on the last mentioned date she suffered personal injuries as a result of an accident which arose out of and in the course of her employment; and made an award in her favor, &c. Respondent has since died. An appeal was taken from the award of the compensation bureau to the Common Pleas Court of Passaic county, and was there sustained. The judgment of the last mentioned court was, on *certiorari*, removed to the Supreme Court.

Our reports are replete with decisions which clearly state and restate the law applicable in such cases. The following are a few of the many typical cases:

In *Pearson* v. *Armstrong Cork Co.*, 6 *N. J. Mis. R.* 976, the Supreme Court held (at *p.* 978):

"Where two independent and distinct tribunals such as these have examined the facts and heard the testimony we do not think that a conclusion so reached should be lightly disturbed by this court upon a mere inspection of the written word, where there is ample support in the testimony for the conclusion so reached, and we therefore are of the opinion that such conclusion should stand undisturbed."

In *Mountain Ice Co.* v. *Durkin,* 6 *N. J. Mis. R.* 1111; *affirmed,* 105 *N. J. L.* 636, the Supreme Court held (at *p.* 1113):

"What was said by this court in a recent case (not yet reported, *Pearson* v. *Armstrong Cork Co.*, No. 207, October term, 1928) is pertinent; when two independent and distinct tribunals, such as these, have examined the facts and heard the testimony, we do not think that a conclusion so reached should be lightly disturbed by this court."

See, also, *Berman* v. *Levenstein,* 9 *N. J. Mis. R.* 378, 380; *Phillips* v. *Federated Metals Corp.,* 12 *Id.* 160.

The following points were argued before the Supreme

Court: (1) The petitioner did not sustain the burden of proving that her present condition was the result of any accident arising out of or in the course of her employment. (2) There was no causal relation between her present condition and the alleged accident which she sustained. (3) The petitioner did not sustain any accident which arose out of or in the course of her employment.

That court, in pursuance to the established law, considered the points argued and concluded, and we think rightly so, that there was ample testimony, overwhelming testimony, to support and justify the findings of fact by the deputy commissioner, complained of, and accordingly dismissed the writ attacking the order made.

Having had three tribunals, the workmen's compensation bureau, Common Pleas Court of Passaic county and the Supreme Court of our state, pass adversely on appellant's case, the appellant still remains dissatisfied. It now appeals to this court. The appeal is wholly without merit. Our reports are replete with decisions holding that this court will not reverse the Supreme Court's judgment on fact findings, in a workmen's compensation case, where it is supported by competent evidence. *Friese* v. *Nagle Packing Co.*, 110 *N. J. L.* 588; *Helminsky* v. *Ford Motor Co.*, 111 *Id.* 369; *Lebits* v. *General Cable Corp.*, 112 *Id.* 381; 170 *Atl. Rep.* 612.

The judgment is affirmed, with costs.

*For affirmance*—The Chancellor, Parker, Lloyd, Case, Bodine, Donges, Perskie, Van Buskirk, Kays, Hetfield, Dear, Wells, JJ. 12.

*For reversal*—None.