[Civil No. 3846. Filed July 6, 1937.]

[69 Pac. (2d) 795.]

ALTA MAE VEST, Petitioner, v. PHOENIX MOTOR COMPANY, Defendant Employer, THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier.

Mr. E. O. Phlegar, for Petitioner.

Mr. Don C. Babbitt and Mr. Howard A. Twitty, for Respondent Industrial Commission.

LOCKWOOD, J.—Alta Mae Vest, hereinafter called petitioner, filed a claim before the Industrial Commission of Arizona, hereinafter called the commission, for benefits under the Workmen's Compensation Law (Rev. Code 1928, § 1391 et seq., as amended), on account of the death of her husband, Clovis W. Vest, hereinafter called deceased.

There is but one substantial question for our consideration, and that is whether the record sustains the finding of the commission that the accident, as a result of which the death occurred, did not arise out of and in the course of the employment of deceased by the Phoenix Motor Company, hereinafter called the employer. It is, of course, incumbent upon the claimant to show affirmatively that she was entitled to compensation. *Davis* v. *Industrial Com.*, 46 Ariz. 169, 49 Pac. (2d) 394; *Ocean Acc. & Guar. Corp.* v. *Industrial Com.*, 32 Ariz. 265, 257 Pac. 641. And if the evidence is such that a reasonable inference may be drawn therefrom either way, we must sustain the award of the commission. *Maryland Cas. Co.* v. *Industrial Com.*, 33 Ariz. 490, 266 Pac. 11.

There is very little conflict in the evidence bearing upon the question of whether or not deceased, at the time of the fatal accident, was engaged in his employment, and we state the facts as follows. Deceased had been employed by the company as an auto salesman the day before the accident, and on the morning of the accident had purchased from the company

a car to be used as a demonstrator. About 8 o'clock that evening Frank R. Hazeltine, who was standing on First Street near Jefferson, noticed the deceased having trouble in starting his car, and went over and offered to help him. They then began talking about the car, and deceased told Hazeltine he was a car salesman, to which the latter replied that if the next election went his way and he got the job he was looking for, he would buy a car. The two continued in general conversation and then got in the car and rode around for a little while. They then stopped and deceased telephoned to his wife. During the course of his conversation he made the remark to her, "Well, I have sold a car today," or "just about sold a car," to which she replied, "Oh, yes; I will believe you when you bring me the money in," and he replied, "Well, you are skeptical and I will just have to show you." Nothing was said in the conversation, or by anyone at any time, as to who the purchaser, actual or prospective, was. Hazeltine and Vest then drove to Tempe and stopped near a store in that city. At that time the evidence shows that both were highly intoxicated, so much so that the deceased pulled a gun on one of the bystanders, and when he tried to return it to his pocket, was unable to get it in at first and dropped it on the pavement. Deceased then asked one of the bystanders where he was going, and on being told to a dance, replied, "All right, we will go to the dance, too," and he and Hazeltine got in the car and started in the direction of the place where the dance was to be held. On the way the car was overturned and deceased suffered injuries from which he died. At the time the car upset it was traveling, according to the testimony of eyewitnesses, anywhere from fifty to seventy miles per hour.

It is the theory of the petitioner that deceased was engaged in attempting to sell a car to Hazeltine, and

while demonstrating it the accident occurred. It is the contention of the commission that the two parties were on a drunken joy ride and while so engaged their car overturned, and deceased was killed.

We think it unnecessary for us to discuss and analyze this evidence at length. We certainly cannot say that it points so unerringly to a conclusion that deceased was at the time in the due course of his employment that we must hold, as a matter of law, it was insufficient to justify the finding of the commission.

The award is affirmed.

McALISTER, C. J., and ROSS, J., concur.