[Civil No. 3878. Filed October 11, 1937.]

[72 Pac. (2d) 432.]

FRED ROWE, Petitioner, v. GOLDBERG FILM DELIVERY LINES, INC., Defendant Employer, THE INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier, Respondents.

Messrs. Cusick & Lyons, for Petitioner.

Mr. Don C. Babbitt and Mr. Howard A. Twitty, for Industrial Commission, Respondent.

LOCKWOOD, J.—This is an appeal from an award of the Industrial Commission, hereinafter called the commission, denying Fred Rowe, hereinafter called petitioner, compensation for an injury which it was

alleged resulted from an accident arising out of and in the due course of his employment. It is the contention of the commission that the evidence does not show that the injury, which it is admitted was sustained by petitioner during the course of his employment, arose out of an accident. The matter is governed by section 1421, Revised Code 1928, which reads, so far as material, as follows:

"Every employee, hereinbefore designated, who is injured, and the dependents of every such employee who is killed, by *accident arising out of and in the course of his employment,* wheresoever such injury has occurred, unless purposely self-inflicted, shall be entitled to receive, and shall be paid such compensation . . . as are herein provided." (Italics ours.)

■ There is no doubt in the present case that the petitioner was injured while in the course of his employment. The question is whether he was injured "by accident arising out of . . . his employment." We have had occasion to consider what is meant by the phrase "injury . . . by accident," and particularly of the word "accident," in the case of *Pierce* v. *Phelps Dodge Corp.,* 42 Ariz. 436, 26 Pac. (2d) 1017, 1021. After discussing very fully the English and American cases upon the subject, we held "there must have been (a) an unexpected event which was (b) the cause of an injury to the person" before compensation could be awarded, and that any injury which was merely the result of the usual, ordinary, necessary, and expected incidents of the employment was not compensable. In other words, an employee assumes the risk that, due to some peculiarity of his own physical condition, the usual, ordinary, and necessary work of his employment may cause him an injury. It is only when there is some unusual, unexpected, and extraordinary event not reasonably contemplated as a part of the normal conditions of the employment,

which causes an injury, that compensation is awarded. The question then is, Was the injury, which it is admitted was suffered by petitioner while he was working in the course of his employment, the result of the ordinary, necessary, and expected incidents thereof, or was it caused by some unusual and extraordinary accident, no part of the usual course of the occupation?

The evidence may be briefly summarized as follows: Petitioner was a truckman employed by Goldberg Film Delivery Lines, Inc., hereinafter called the employer, and on the day the injury occurred he was engaged in transferring some packages from his truck into the truck operated by John E. Weinzapfel, in Tucson, Arizona, and while so doing suffered a spontaneous pneumothorax. So far there is no dispute as to the facts. Petitioner testified that he picked up two cans containing films and started to change them from their position in the truck, and, as he did so, the lid of one of the cans fell open and he slipped and fell, and as a result of such fall he sustained the pneumothorax.. Weinzapfel testified that he was watching petitioner while he was shifting the film cans around, and that, as he picked up two of them, one of the lids snapped open and petitioner immediately straightened up and muttered something under his breath, and then complained of severe pains in his side. It is the contention of the petitioner that the accident out of which his injury arose was a slip or a fall due to the fact that one of the container cans fell open and jerked him down.

■ It is, of course, true that if one engaged in the regular course of his occupation, which includes the moving or lifting of heavy weights, does accidentally slip and fall, and by reason of such slip or fall is injured, he is entitled to receive compensation under the act, for in such case there is the unexpected

event—the slip or fall—which is the cause of the injury. If, on the other hand, there is no accident, such as a slip or fall, and it is merely the ordinary shifting of packages required by the business which, due to the physical condition of the petitioner or any other reason not involving an accident as we have defined it, causes the injury, he cannot recover compensation. If, therefore, the testimony of the petitioner himself be accepted as stating the true cause of the injury, the award was improper and, indeed, this is not denied by the commission. It contends, however, that there is other evidence in the case which justified it in believing that there was no slip, fall, or other accident which caused the injury to plaintiff, but that it arose out of the usual, ordinary, necessary and expected incidents of his occupation. In support of this, it calls our attention to the testimony of Clyde Timberlake, who was an investigator for the commission and who visited the petitioner in the hospital shortly after the injury, and also questioned Weinzapfel in regard to it. His testimony, in substance, was that petitioner informed him that he was rearranging his freight and leaned over to pick up two boxes of films, and, while in the act of raising them, he found it necessary, because of a pain that struck him in the chest, to place them again on the floor. Timberlake then asked him if he had slipped or fallen, or suffered any blow or any act of external violence which caused the pain or injury, and petitioner stated he was unable to recall any. Timberlake also said he questioned petitioner very particularly in every possible manner to discover whether there could have been any type of accident which caused the injury, and then told him that an injury which was not caused by some act of external violence was not compensable. He also questioned Weinzapfel, and asked him if he had seen peti-

tioner fall or slip, or suffer any blow at the time of the accident, or anything of the nature, and Weinzapfel told him that he had not, that he was busy with the stuff on his own truck and not watching Rowe, and could not tell how the injury occurred. It thus appears that petitioner and Weinzapfel testified on the hearing very definitely to an accident of a nature which would entitle petitioner to compensation if he suffered injuries thereby, but that, when Timberlake questioned them before the formal claim was filed, neither one of them said anything about a slip or fall, although they were asked particularly in regard to that matter by Timberlake.

 It is the rule of law that a trier of fact may disregard the unimpeached and undiscredited testimony of a party to a case on the ground that his personal interest in the result may lead him to testify contrary to the true facts of the case. *Davis* v. *Industrial Com.,* 46 Ariz. 169, 49 Pac. (2d) 394. But it is also the rule that such triers may not disregard the uncontradicted and unimpeached testimony of a disinterested witness, unless such testimony is discredited by some of the circumstances of the case. *Wiggins* v. *Pratt-Gilbert Hdw. Co.,* 48 Ariz. 375, 62 Pac. (2d) 124. In the absence of Timberlake's testimony, the commission would have been bound, as a matter of law, to accept Weinzapfel's story of how the injury occurred, even though it disregarded that of petitioner, but, if Timberlake is to be believed, and of course that is a question for the commission, both petitioner and Weinzapfel made statements to him before the hearing directly contradictory to their testimony at the hearing upon the vital issues of the case, to wit, whether or not an accident occurred which caused the injury in question. It is obvious that, if a witness makes contradictory statements in regard to the material issues of a case, the trier of fact may

accept either statement which it wishes as true, or, on account of the discrepancy, may disregard the testimony of the witness entirely. The commission evidently must have believed that the story told to Timberlake by petitioner and the witness Weinzapfel represented the true facts of the case, rather than that detailed by them at the hearing, and we cannot say, as a matter of law, that it erred in accepting that as the correct theory of the case.

█ If it be true that there was no sudden or unexpected jerk, slip, or fall which caused the spontaneous pneumothorax, but that it merely arose out of the usual, ordinary, necessary, and expected incidents of petitioner's occupation, such as lifting and moving the packages which he had in his truck, the injury he suffered was not compensable, because it resulted from the ordinary course of his occupation, and not from an accident occurring therein.

█ It may be that the legislature, in its wisdom, should change the compensation law so as to make the employer the insurer of the health and safety of its employees while they are working, regardless of whether there is any accident which produces an injury, and that the mere proof that an employee becomes ill while engaged in the course of his employment should entitle him to compensation, regardless of the cause, but that is a matter for the legislature, and not for the courts. We must apply the law as it is written.

For the foregoing reasons, the award of the Industrial Commission is affirmed.

McALISTER, C. J., and ROSS, J., concur.