L. W. DAILEY CONSTRUCTION COMPANY *v.* CARPENTER

[No. 17,208.   Filed March 3, 1944.]

*James M. Barrett, Jr., Phil M. McNagny, Leigh L. Hunt* and *Otto E. Grant, Jr.,* all of Fort Wayne, for appellant.

*Herbert Willis, E. Ross Adair* and *Warren E. Baker,* all of Fort Wayne, for appellee.

ROYSE, P. J.—This is an appeal from an award of a majority of the full Industrial Board granting appellee compensation for the death of her husband, George W. Carpenter.

The assignment of error here is, that the award of the full board is contrary to law; that the award and findings of the board are not sustained by sufficient evidence.

We set out that portion of the findings of the full board pertinent to a determination of the question presented by this appeal:

"The Full Industrial Board by the majority of its members, . . . now finds for the plaintiff . . . against the defendant . . . and finds that the plaintiff's decedent, George W. Carpenter, was employed by the defendant on June 29, 1942, at an average weekly wage in excess of thirty ($30.00) dollars, and that on the said date, June 29, 1942, the plaintiff's decedent sustained a personal injury caused by accident arising out of and in the course of his employment with the defendant of which the defendant had notice at the time.

"It is further found by the Full Industrial Board by a majority of its members that the accidental injury sustained by the plaintiff's decedent was a heat stroke and was caused on account of the extreme heat on June 29, 1942, and also the work that the decedent was engaged in on said date.

"It is further found that the said decedent was exposed to a greater hazard on said date on account of said heat and the character of the work he was doing on said date than the general public was exposed to.

"It is further found that the said decedent was on the 29th day of June, 1942, helping to construct curbing along the street in an addition adjacent to the City of Fort Wayne, Indiana.

"It is further found that the *plaintiff* was working in the sun during the day four-fifths of the time and that he was engaged in leveling off concrete and wheeling concrete, and that immediately after he quit working on that date the *plaintiff* became sick and soon became unconscious and was taken to a hospital; that he quit work about 4:00 o'clock or 4:30 that afternoon, and that he died on the same day at 9:15 P. M., at the St. Joseph's Hospital in Fort Wayne, Indiana.

"It is further found that the heat stroke suffered by said decedent arose out of and in the course of his employment with the defendant."

Appellant concedes that if there is any evidence in the record which will support the award of the board, it is the duty of this court to affirm the award. The record discloses that appellee's decedent, George W. Carpenter, was employed by appellant as a laborer for several months prior to June 29, 1942. On said last mentioned date appellant began laying concrete gutters and curbs on a certain street in the city of Fort Wayne. Decedent worked on this job from 8:30 a. m. to 4:30 p. m. with a half-hour off for lunch. Decedent's job was puddling the concrete, that is, using a shovel to level it off after it had been poured from a truck into the forms for a curb. He was also required to mix finishing cement in a wheel-barrow and move it along the job and shovel it out. There was some shade on the street, but decedent's work required that he be in the sun most of the time. It is

undisputed that he was in the sun from 2:00 p. m. until the time of his collapse which occurred about 4:30 p. m. Just prior to his collapse he was observed by fellow-employees to stagger and mumble incoherently. He became unconscious and was removed to a hospital where he died shortly after 9:00 p. m. that evening. There was medical testimony to the effect that his death was caused by heat stroke combined with the exertion of his work. It was stipulated that the United States Weather Bureau temperatures for that day, taken from instruments in a container in a shaded shelter at the Fort Wayne Municipal Airport three and one-half miles from Fort Wayne, were as follows: "6 a. m., 68; 8 a. m., 76; 10 a. m., 83; 12 noon, 87; 2 p. m., 90; 4 p. m., 92; 6 p. m., 91; 8 p. m., 83." The humidity was high. The street on which they were working was gravel and coated with oil. There was evidence to the effect that the constant rays of the sun on this oiled surface, together with water used, might increase humidity and would make the ground where a person stood very hot.

Appellant earnestly contends that this evidence could lead to but one conclusion, that decedent's death was caused by the heat of the day, and there was no causal connection between his employment and the heat stroke which caused his death. Appellant relies strongly on the case of *Thompson* v. *Masonic Cemetery Association* (1936), 103 Ind. App. 74, 5 N. E. (2d) 145. We cannot see how this case can sustain appellant's contention. All this court held in that case was that there was evidence which would sustain the finding and award of the board, and declared the oft-repeated principle that this court is not permitted, under such circumstances, to substitute its opinion for that of the Industrial Board.

A heat stroke is an accident within the meaning of our Workmen's Compensation Law (§ 40-1201, *et seq.,* Burns' 1940 Replacement) where, at the time it is suffered, the person afflicted is by the nature of his employment subjected to a greater risk than the public generally. *Fox* v. *Banet et al.* (1942), 111 Ind. App. 460, 40 N. E. (2d) 356.

The facts in the case of *Townsend and Freeman Company* v. *Taggart* (1924), 81 Ind. App. 610, 144 N. E. 556, are quite analogous to the facts in this case. In our opinion, there is ample evidence to sustain the award of the full Industrial Board. Therefore, the award of the full Industrial Board is affirmed with the statutory penalty.

FLANAGAN, J.—Not participating.

NOTE.—Reported in 53 N. E. (2d) 190.