[Civil No. 4798. Filed October 22, 1945.]

[162 Pac. (2d) 605.]

PHELPS DODGE CORPORATION, Petitioner, v. WALDO DeWITT, and THE INDUSTRIAL COMMISSION OF ARIZONA, Respondents.

Messrs. Ellinwood & Ross, and Mr. William A. Evans, for Petitioner.

Mr. John R. Franks, and Mr. H. S. McCluskey of Counsel, for Respondents.

LaPRADE, J.—This proceeding is before us on *certiorari* from an award of the Industrial Commission awarding compensation to Waldo DeWitt, the injured employee. The Phelps Dodge Corporation, the employer, is the petitioner securing this review. The facts of the case are not in dispute and may be stated as follows: The employee, while engaged in the usual course of employment, suffered an injury to his back occasioned in the following manner. DeWitt picked up

a rim mounted but deflated truck tire, which is estimated to have weighed at the time 70 to 100 pounds; took one step; *threw* and *pushed* the rim and tire up into the truck. At this moment, he experienced what he described as—"felt like a hot iron hit me in the back of the head; like the world was whirling around, and everything went blank." He turned and walked unsteadily to a nearby bench; sat down; broke into sweat and tremors; and, in a faint condition, eased off the bench to the ground. He was taken promptly by automobile to the office of a doctor, and on the way complained of pain in his head and arms. On arrival at hospital he was in a state of shock, and afflicted with tremor in both his right arm and right leg. Shortly thereafter he filed a claim for workmen's compensation, claiming disability as a result of partial paralysis of the right side, which condition persisted for at least six months. He was treated by seven different doctors including three neurologists. Various inconclusive hypotheses were suggested as to the neurological sources of the symptoms manifested. There was some disagreement as to the extent of disability, but no indication was found of physical injury from *external* cause. The medical evidence indicates that the employee suffered some *internal* strain, sprain, rupture, or hemorrhage.

Two months after the incident, he was examined by Dr. A. C. Kingsley, nerve specialist. His report, in part, read as follows:

"Sudden onset with unconsciousness would indicate cerebral or high cervical lesion. There is at this time sensory disturbance involving the third and fourth cervical roots as well as the lower cervical area. Whether at time of injury a partial dislocation or hemorrhage high in cervical cord it is difficult to state."

There was nothing unusual in the manner of picking up the tire and rim. No *apparent* overexertion was involved; no untoward or unexpected event took place,

such as slipping, falling, or being struck. The claimant, prior to the accident, had enjoyed good health, and was strong and accustomed to performing hard manual labor. There is no evidence in the record to indicate that the employee was suffering from any pre-existing disease or ailment.

In challenging the award, the petitioner advances the following proposition: "In order that an employee be entitled to compensation, there must be an injury which is caused by some external event of an unusual or unexpected nature." Petitioner calls attention to the various code sections which limit compensation to cases where the employee has sustained an "injury *by accident* and arising out of and in the course of his employment." Code 1939, § 56–930 (Emphasis supplied.) It is petitioner's position that this case is ruled by *Rowe* v. *Goldberg Film Delivery Lines, Inc.,* 50 Ariz. 349, 72 Pac. (2d) 432, which with other decisions of this court followed *Pierce* v. *Phelps Dodge Corp.,* 42 Ariz. 436, 26 Pac. (2d) 1017. On the other hand, respondent, in its brief, contends that the Pierce case in effect was overruled by *In the Matter of Mitchell,* 61 Ariz. 436, 150 Pac. (2d) 355, and that the latter case is controlling here.

Here it might be well to indicate that in the Pierce case the employee was suffering from pre-existing myocarditis, of which he was aware. Additional facts in the Pierce case were that during the morning Pierce climbed up and down ladders in the mine without showing any bad effects or making any complaint. When the noon hour arrived, he sat down to eat his lunch and had just finished the meal when he arose from a sitting or reclining position, walked a few hundred feet, suddenly collapsed, and died a few moments later.

In the Rowe case the employee leaned over to pick up two boxes of films, at which time he experienced a pain in his chest, and suffered a spontaneous pneumothorax. There the chief concern of the court was to

determine whether or not there had been an injury by accident. We have at no time held or even indicated that compensation is payable other than for injury by accident.

The provisions of the Workmen's Compensation Law of Arizona directing compensation to be paid injured employees are embodied in Sections 56–930, 56–931, 56–936, and 56–952, Arizona Code Annotated 1939. Each of these sections limits compensation to cases where the employee has sustained an "injury by accident arising out of and in the course of his employment."

This requirement, of injury by accident, has been before the court on more than one occasion. In *Pierce* v. *Phelps Dodge Corp. et al.,* 42 Ariz. 436, 26 Pac. (2) 1017, 1018, involving the question of whether death from a pre-existing heart disease, accelerated by the ordinary and usual conditions of the occupation of the employee, was subject to compensation, the court discusses the language of Section 56–930 and particularly the phrase "injured by accident," saying:

"We come then to the interpretation of the phrase 'injured . . . by accident' as used in the Compensation Act, and particularly of the word 'accident.' . . . The word 'injured,' when used as a participial adjective as it is here, is defined by Webster as 'damaged.' The word 'accident' is, by the same authority, 'an event that takes place without one's foresight or expectation; an undesigned, sudden and unexpected event.'

"It is obvious that while 'injured' always implies a result, the word 'accident' may mean either a cause or a result, and which it is must be determined by the context. The proposition 'by,' which is found between the word 'injured' and the word 'accident,' supplies the answer. Used as it is, it can only mean 'by medium of, in consequence of, or through the agency of,' and the 'accident' is, therefore, the cause of the injury.

.    .    .    .    .    .    .    .    .    .    .

"We conclude that on reason, notwithstanding there are many authorities to the contrary, in the phrase 'in-

jured . . . by accident' as found in our Compensation Act, the word 'accident' refers to the cause of the injury and not to the injury itself.

"Following this rule, in order that an employee be entitled to compensation there must be a result, an injury or damage, which is caused by 'an event that takes place without one's foresight or expectation; an undesigned, sudden and unexpected event.' "

And in applying the above interpretation of the phrase to the facts involved in the Pierce case, the court, in the concluding portion of its opinion, said:

"Applying this rule to the facts of the present case, there is no unexpected event which caused an injury, which injury resulted in a disease or an aggravation thereof. On the contrary, the events which preceded the death of Pierce, and, as urged by claimants, accelerated it, were the usual, ordinary, necessary and expected incidents of his occupation. It is true that the death from the disease was sudden and unexpected, but as we have stated the undesigned, sudden, and unexpected event which must exist in order to create the right to compensation must be found in the original cause and not in either of the subsequent results. . . . "

In sustaining the award denying compensation in the Rowe case, the court said [50 Ariz. 349, 72 Pac. (2d) 434]:

" . . . It is only when there is some unusual, unexpected, and extraordinary event not reasonably contemplated as a part of the normal conditions of the employment, which causes an injury, that compensation is awarded.

.    .    .    .    .    .    .    .    .    .

"If on the other hand, there is no accident, such as a slip or fall, and it is merely the ordinary shifting of packages required by the business which, due to the physical condition of the petitioner or any other reason not involving an accident as we have defined it, causes the injury, he cannot recover compensation. . . . "

The court then went on to apply the principles announced to the facts involved, saying:

"If, it be true that there was no sudden or unexpected jerk, slip, or fall which caused the spontaneous pneumo-thorax, but that it merely arose out of the usual, ordinary, necessary, and expected incidents of petitioner's occupation, such as lifting and moving the packages which he had in his truck, the injury he suffered was not compensable, because it resulted from the ordinary course of his occupation and not from an accident occurring therein."

In the Mitchell case, we determined that, in law, there had been an accident, and that injury and death flowed therefrom. In so doing, we pointed out that the facts establishing the occurrence of the accident did not fit into the definition of "accident" as given in the Pierce case. We concluded that it was not indispensable to an accident that it should arise from a sudden or instantaneous event or occurrence and presumably accompanied by an external act or occurrence. Nevertheless, we pointed out in the Mitchell case that the Pierce case had been correctly disposed of in view of the facts there existing even though the restrictive definition in the Pierce case was abrogated. That the Pierce case was decided correctly is apparent because there was no causal connection between the employee's death and any accident. The employee merely collapsed while normally walking from one place to another.

■■ In the Rowe case there was no evidence of any strain or overexertion. The employee merely leaned over to pick up packages. Even had he picked them up there would have been no substantial causal connection between the resulting injury and the effort expended for the reason that the packages were of inconsequential size and weight. We do not subscribe to the rule laid down in the English case of *Clover, Clayton & Co.* v. *Hughes,* 26 Times L. R. 359, in which the Lord Chancellor said among other things:

"An accident arises out of the employment when the required exertion producing the accident is too great for the man undertaking the work, *whatever the degree of exertion* or the condition of health." (Emphasis supplied.)

The rule in the Clover case has been adopted in the State of Washington and many other jurisdictions. See *Frandila* v. *Department of Labor and Industries,* 137 Wash. 530, 243 Pac. 5; *McCormick Lumber Co.* v. *Department of Labor and Industries,* 7 Wash. (2d) 40, 108 Pac. (2d) 807. We are of the opinion that where a workman is suffering from a pre-existing diseased condition and, while engaged in his usual work under circumstances which require no extra or unusual strain or effort, suddenly dies, his death or injury is not the result of injury by accident. An employer is not the insurer of the health of his employees. *Rowe* v. *Goldberg Film Delivery Lines, Inc.,* 50 Ariz. 349, 72 Pac. (2d) 432; *In the Matter of Mitchell,* 61 Ariz. 436, 150 Pac. (2d) 355; *Aluminum Co. of America* v. *Industrial Comm.,* 61 Ariz. 520, 152 Pac. (2d) 297.

In the case of *Wiggins* v. *Pratt-Gilbert Hardware Co.,* 48 Ariz. 375, 62 Pac. (2d) 124, 125, we had under consideration the case of a workman whose injury resulted from a strain while lifting. It appeared that the employee, while working on a pump, lifted it to place it on some planks so that he could better clean it. Both his hands and the pump were somewhat greasy, and the pump started to slip. In order to prevent its falling, he twisted himself into an abnormal position and felt something give way inside of him. In the course of the opinion the following language appears:

"Petitioner devotes much time arguing that the word 'accident' is not limited to a fall or blow. This, of course, is true, nor does the respondent contend it is not, but admits substantially, by its brief, that an unexpected strain incurred in the line of duty may, and usually is, an 'accident.'"

As against the finding of the Commission that there was no accident, this court concluded that the evidence was conclusive that there was an accident within the meaning of the Workmen's Compensation Law. We there recognized that an unexpected strain incurred in the line of duty usually is an accident. It may be suggested that the conclusion was correct in view of the fact that the pump started to slip and that this was an unexpected and unanticipated circumstance in the nature of an accident. With as much force and logic it might be contended that nothing unexpected and unforeseen occurred, in that the lifting of heavy, greasy objects with greasy hands entails not only the possibility but rather the probability of slipping and sliding. The point is that the employee suffered personal injury from an accident arising out of and in the course of his employment caused in whole or in part or contributed to by a necessary risk or danger of such employment, or a necessary risk inherent therein, within the contemplation of Section 8, Article 18 of the Arizona Constitution. In the Mitchell case, we pointed out that the constitutional provision is broader in its scope than the legislative enactment adopted in pursuance of the constitutional mandate. In the Mitchell case, we said [61 Ariz. 436, 150 Pac. (2d) 361]: "A construc-struction of the latter (Sec. 56-936, Arizona Code Annotated 1939) must be governed by the constitutional provisions."

In the case of *Vitanza v. Iron City Produce Co.*, 131 Pa. Super. 441, 200 Atl. 311, 313, it is pointed out that an accident may occur to an employee when he is performing his usual work and that "When such happenings are external they may be readily identified as accidents. In the same manner, an accident or unusual happening may occur within the body." In this latter case, it appeared that the injured employee picked up a crate of lettuce weighing between 75 and 80 pounds

from a top tier at a height of about five feet; swung it to the right; and set it on the floor. When he raised up he felt a sharp pain in his right side. Following this he was totally disabled for a few weeks and thereafter suffered a partial disability. With reference to this occurrence the court used the following language, of which we approve:

" . . . The unusual twist, strain, or sprain was an unusual happening. If while carrying a crate the claimant had turned his ankle, fallen, and broken his arm, the turning of the ankle would have been the unusual event that we denominate an accident. Just so, in the present case the claimant twisted, strained, or disarranged muscle, tendon, or tissue in such a manner that it caused an internal injury; at least, the board so found as a fact. The only difference in the two situations is that the accident in one case was external and in the other was internal. While we have in some cases referred to the injury to the body as an accident, it is more accurate to say that from the character of the injury taken with the circumstances we may infer an accident. This is just what the fact finding body did."

Cases to like effect are *Horsfall* v. *Pacific Mut. Life Ins. Co.*, 32 Wash. 132, 72 Pac. 1028, 63 L. R. A. 425, 98 Am. St. Rep. 846; *Bartlinski* v. *Northumberland Mining Co.*, 117 Pa. Super. 437, 177 Atl. 518; *Chirico* v. *Kappler*, 61 R. I. 128, 200 Atl. 447; *Hennen* v. *Louisiana Highway Commission*, La. App. 1938, 178 So. 654.

■ The question of what will or will not constitute an accident under given circumstances is dependent upon the facts of each particular case. *Rue* v. *Eagle Picher Lead Co.*, 225 Mo. App. 408, 38 S. W. (2d) 487.

■ Whether there is an accident is usually one for the fact-finding body. *Rinehart* v. *F. M. Stamper Co.*, 227 Mo. App. 653, 55 S. W. (2d) 729, 732.

■ It is also the law that whether an injury is an accident is usually a mixed question of law and fact, but when applied to ascertained facts it becomes a ques-

tion of law. *Birdwell* v. *Three Forks Portland Cement Co.,* 98 Mont. 483, 40 Pac. (2d) 43, 47.

In the case at bar, the facts are admitted; there is no controversy. The applicant, from the evidence, was not suffering from any disability. In the process of lifting the rim and tire, weighing, from the evidence, between 70 to 100 pounds, and of throwing and pushing it up over the side into the truck, about four feet from the ground, he suddenly sustained an injury apparently to his spinal cord. The evidence is of such a character as to justify a finding by the Commission that the applicant in the performance of this work suffered a strain, from which his disablement resulted. Obviously, the commission found that this was an accident, and we think, under the law, it was justified in making such a finding. It had a right to infer that the applicant's effort was unusual, and that the pressure from the weight of the tire caused some injury which resulted in his disablement. All reasonable inferences drawn by the triers of the facts from the evidence will be sustained on review. *Vest* v. *Phoenix Motor Co.,* 50 Ariz. 137, 69 Pac. (2d) 795. If, in throwing up the rim and tire, the applicant had wrenched an arm, or thrown his wrist or shoulder out of joint, no one would contend that these facts did not constitute an accident. It is a matter of common knowledge that when men lift heavy objects they are subject to strain and resulting injury. This is a necessary risk or danger of the employment, and one that is inherent in the nature thereof. As a matter of law therefore, the facts and the inferences to be drawn therefrom justify a finding that there was an injury by accident within the contemplation of the law and the previous rulings of this court. There was a direct, substantial, causal connection between the effort expended and the resulting injury. The fact findings of the Commission supported by any reasonable and substantial evidence

are conclusive. *Smith* v. *Aluminum Co. of America* 62 Ariz. 160, 155 Pac. (2d) 628.

The award is affirmed.

STANFORD, C. J., and MORGAN, J., concurring.