DAVID IRA KNAPP, AN INFANT, BY WILBUR KNAPP, HIS NEXT FRIEND, DEFENDANT-APPELLEE, v. C. F. MUELLER ET AL., PROSECUTORS-APPELLANTS.

Argued May 21, 1947—Decided September 12, 1947.

For the defendant-appellee, *Greenstone & Greenstone* (*John A. Laird,* of counsel).

For the prosecutors-appellants, *Kalisch & Kalisch* (*Isidor Kalisch,* of counsel).

The opinion of the court was delivered by

DILL, J.   This is an appeal from a judgment of the Supreme Court affirming the Hudson County Court of Common Pleas in a workmen's compensation case, which court had reversed the action of the Workmen's Compensation Bureau in dismissing the respondents petition for compensation.   The question before us is purely one of fact, namely, did David Ira Knapp, a lad only a few months over sixteen years of age, sustain his injuries as the result of an accident arising out of and during the course of his employment?

The rule is well established that this court will not reverse a judgment of the Supreme Court on fact findings in workmen's compensation cases, if the same are supported by competent evidence.   *Berlinger* v. *Medal Silk Co.,* 113 *N. J. L.* 476; 174 *Atl. Rep.* 558; *Ford Motor Co.* v. *Fernandez,* 114 *N. J. L.* 202, 204, and cases cited.

The opinion of the Supreme Court states "It seems that the probable occurrence was that the boy slipped while he

was resting at the end of the machine and the injuries were then suffered. It seems to us that the probabilities of the occurrence more strongly preponderate in favor of this view so as to compel us to factually find."

Our examination of the testimony leads us to the conclusion that there is competent evidence to support the judgment of the Supreme Court.

Judgment affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DONGES, HEHER, COLIE, EASTWOOD, BURLING, WELLS, DILL, FREUND, McGEEHAN, McLEAN, JJ. 12.

*For reversal*—None.