219 P.2d 337

**TRETT v. McELROY et al.**

No. 5276.

Supreme Court of Arizona.

June 12, 1950.

William H. Chester, Phoenix, for petitioner.

Robert E. Yount, Phoenix, H. S. McCluskey and Donald J. Morgan, Phoenix, of counsel, for respondent Industrial Commission of Arizona.

UDALL, Justice.

Petitioner, Theodore Trett, age 28 years, brings before us for review an award of the respondent, Industrial Commission of Arizona, denying him compensation or accident benefits for a claimed personal injury.

Admittedly the petitioner was employed by the respondents, F. T. McElroy & Son, on the date of the alleged injury. His job was to dig up barley on the borders of a flax field with a lettuce knife. This was his first day on the job (he was substituting for his wife) and he was working in the field alongside of his father and mother. Just before quitting time the workers, accompanied by the foreman, left the field and started for the tool shed to deposit their tools and while on their way the petitioner claims to have tripped over some loose wire or tree toppings which caused him to fall inflicting the alleged injury in question.

The Commission after a hearing found as a fact that the petitioner "did not sustain a personal injury by accident arising out of and in the course of his employment on February 15, 1949." Two rehearings were granted and further evidence taken in addition to which the Commission took into consideration the complete file in claim No. AD-2405, covering a previous industrial accident suffered by petitioner on February 13, 1948. However, the Commission finally adhered to its original award denying compensation.

The four assignments of error, while somewhat inartfully drawn, when analyzed raise but one question and that is whether the finding that the petitioner did not suffer an accident arising out of and in the course of his employment is reasonably supported by the evidence and the inferences which the Commission, as the triers of the fact, might properly deduce therefrom. As a basis for determining this question we restate certain basic rules and principles of law laid down by the court in previous decisions which the Commission were bound to follow in deciding petitioner's claim. (1) A compensation claimant must show affirmatively that he is entitled to compensation, Blasdell v. Ind. Comm., 65 Ariz. 373, 181 P.2d 620; Vest

v. Phoenix Motor Co., 50 Ariz. 137, 69 P. 2d 795; Aluminum Co. of America v. Ind. Comm., 61 Ariz. 520, 152 P.2d 297; Emery v. Ind. Comm., 69 Ariz. 87, 210 P.2d 217; (2) Rehabilitation of an injured workman and accident benefits can not be furnished a claimant unless his claim for compensation is first determined to be allowable, Secs. 56-931 and 56-938, A.C.A.1939; (3) The evidence must be fairly weighed by the Commission, Craig v. De Berge, 67 Ariz. 168, 193 P.2d 442; Sears, Roebuck & Co. v. Ind. Comm., 69 Ariz. 320, 213 P.2d 672; and (4) An employer is not an insurer of the health of his employees, but he takes an employee subject to his condition when he enters the employment. Furthermore, the employer is not responsible for disability resulting from a pre-existing disease or condition which causes a loss of earning power unless the disease is proximately produced or aggravated by the injury complained of. This court does not weigh the testimony, but only searches the record to see whether the Commission's findings are reasonably supported by the evidence, even though there might be contradictory evidence. Craig v. De Berge, supra.

It is well to keep in mind that petitioner had suffered two previous accidents, the first in the year 1945, when he was badly injured in a nonindustrial accident as a result of a head-on collision between two cars which rendered him unconscious for 12 hours, hospitalized him for a week, and kept him from work for six months. The medical evidence shows this injury caused a rather large depressed skull fracture in the left frontal bone. The second accident occurred on February 13, 1948, when the petitioner slipped and fell, hitting his head, the left side of his chest, and his wrist on a cement pipe, causing a contusion over the left chest and wrist with some tenderness over the left side of the head. The Commission accepted this as an industrial accident and allowed compensation and accident benefits from the date of injury until his discharge on December 2, 1948. When compensation was stopped, the petitioner applied for a rehearing in which he stated, "I do not feel that I have fully recovered from the injury which I sustained on February 13, 1948. * * *" The petition was denied by order dated January 15, 1949, from which no appeal was taken.

It is our opinion that no useful purpose would be served in setting out at length the evidence relied upon by petitioner to set aside the award. Suffice it to say that this principally consisted of the testimony of petitioner and his father and mother, all of whom were very much interested in securing for him the benefits of the Workmen's Compensation Act. Their testimony was replete with errors and inconsistencies both as to the manner in which he fell and the resulting injury. His attending physician, L. M. Belden, D. O., reported that he was suffering from "Headache, with pain

 

radiating down back of neck. Dizziness. Mental depression," which symptoms are identical with those complained of previously. We quote this further statement from the doctor's report: "(Q.) State any additional information you may deem of interest regarding disability, part played by pre-existing disease, etc.? (A.) Patient was seen by Dr. Bendheim. *His opinion was that there was no evidence of any change or new damage as compared with previous examination.* However patient is still complaining of headaches." (Emphasis supplied.)

Another thing that discredited petitioner and doubtless induced the Commission to disbelieve much of the evidence adduced in support of his claim was the fact that there was an apparent studied effort to minimize the seriousness of the 1945 non-industrial injury and attribute his present condition to this last minor accident, e. g., on direct examination petitioner testified:

"Q. Were you injured in 1945? A. I had an accident, I was in the hospital about five or six days or something like that.

"Q. What was the result of that accident? A. There wasn't anything. After I got out of the hospital a couple of weeks it never bothered me at all, I mean I went ahead and done my work."

This testimony was given in the face of overwhelming medical testimony as to the serious nature and extent of that injury. We quote from Dr. Bendheim's report dated October 27, 1948: "It is obvious that this patient suffered a *very severe head injury in 1945 with resultant depressed skull fracture.* His claim that he has completely recovered from this fracture must be taken with a grain of salt. * * *" (Emphasis supplied.)

When all of the evidence is evaluated by the principles heretofore enunciated and we further keep in mind the rule that where reasonable men might draw different and conflicting conclusions from the evidence the findings of the Commission must be sustained, there is no doubt as to our duty in the premises.

Award affirmed.

LA PRADE, C. J., and STANFORD, PHELPS and DE CONCINI, JJ., concurring.