261 P.2d 1000

VUKOVICH v. INDUSTRIAL COM-
MISSION.

No. 5630.

Supreme Court of Arizona.

Oct. 19, 1953.

Leonard S. Sharman, Phoenix, for petitioner.

Donald J. Morgan, Phoenix, John R. Franks, Prescott, Robert E. Yount and Robert W. Pickrell, Phoenix, of counsel, for respondent Industrial Commission.

PHELPS, Justice.

This cause comes to us on certiorari from an award of the Industrial Commission denying compensation to the widow of V. E. Vukovich, deceased.

The facts are that deceased went to work as a laborer for Farmer & Godfrey Construction Company on July 11, 1950. The employer was engaged in the construction of homes in a new subdivision which had been carved out of a citrus grove northeast of Phoenix. According to the weather bureau reading at the Phoenix airport the temperature increased from 90 degrees on July 10 to 110 degrees on July 12. Deceased had worked during the day of July 12 in assisting various carpenters until the last hour or so immediately preceding quitting time at 4:30 p. m. During this latter period he assisted in unloading a truck load of lumber on the premises.

Mr. Vukovich apparently started to drive away from the premises on the way home and drove his car from the rear of one of the houses to the front thereof where it was observed by Mr. Godfrey, foreman on the job, about 4:40 p. m. The motor was stopped but the switch was still on. Mr. Vukovich was sitting in the car semiconscious. Dr. Frank J. Hunsik was immediately summoned. In a letter in evidence here written to Mr. Sharman, counsel for petitioner, he stated that upon his arrival he found Mr. Vukovich unconscious in his car. He said:

"* * * His blood pressure was 80/40; pulse 72, full and strong, but progressively became weak and thready. He had an axillary temperature of 104 degrees. The patient was rushed via ambulance to Good Samaritan Hospital where he was given intravenous infusions, blood plasma, oxygen and alcohol sponge baths. Patient expired at 5:00 P.M. Diagnosis was acute heat stroke.

"In my opinion the cause of death was a heat stroke which was due to over-exertion on a hot day."

An autopsy was performed by Dr. Harold Wood who reported to the commission that all indications were consistent with death from acute heat stroke and no evidence of pre-existing disease.

Vukovich was a man about 54 years old and weighed around 200 pounds. He had not been accustomed to manual labor for several years. The commission denied compensation to petitioner upon the ground that deceased did not sustain a personal injury

by accident arising out of and in the course of his employment. Petitioner assigns this as error and asserts that it is contrary to the law and the evidence.

There is no dispute as to the facts surrounding the death of decedent or that his death was the result of a heat stroke. Narrowing it down, the question is whether the heat stroke suffered by decedent under the above related facts is an injury by accident and therefore compensable. Counsel for the commission states in his proposition of law No. 1 that:

"Heat stroke (sun-stroke, heat exhaustion, heat prostration) may be 'an accident' within the Workmen's Compensation Act but is not compensable as such unless it is shown that an employee is more exposed to injury thereby than others not so engaged."

An examination of the cases cited by counsel in support of this proposition of law convinces us that it is a correct statement of law.

In the "Law of Workmen's Compensation" by Arthur Larson published in 1952, Vol. 1, p. 531, Sec. 38.40, we find the statement that:

"* * * A definite majority (of courts) hold that when the usual conditions of his employment lead to claimant's suffering frostbite or sun-stroke, the injury is accidental. * * *"

The author cites many cases in support of this proposition among which is the case of L. W. Dailey Const. Co. v. Carpenter, 114 Ind.App. 522, 53 N.E.2d 190, which holds that a heat stroke is an accident within the meaning of the Indiana Workmen's Compensation statute where at the time it is suffered, the person affected is, by the nature of his employment, subject to a greater risk than the public generally.

In the case of Ciocca v. National Sugar Refining Co. of New Jersey, 124 N.J.L. 329, 12 A.2d 130, which is a heat prostration case the court defined a compensable accident as one which arises out of the employment when the proof shows a causal connection between the employment and the injury or death. Stating it another way, the court said that a compensable accident arises when the proofs show that (1) the employment was one of the contributing causes without which the accident would not have happened, and (2) that the accident was one of the contributing causes without which the injury or death would not have resulted. And in Bollinger v. Wagaraw Building Supply Co., 122 N.J.L. 512, 520, 6 A.2d 396, 401, the chief justice for the court said:

"* * * The requirement that the injury or death arise by accident, under our statute, is satisfied if the client discharged the burden of proving that the condition complained of, i. e., the injury or death, is related to or affected by the employment, that is to say, if but for the employment it would not have occurred."

In the case of Fox v. Banet, 111 Ind.App. 460, 40 N.E.2d 356, cited by counsel for respondent as being the law, the court adopts with approval the following language from Alexander Orr, Jr., Inc., v. Florida Industrial Commission, 129 Fla. 369, 176 So. 172, 173:

"If the heat exhaustion arose out of the employment, as well as in its course, we think, it is clear that any harmful effect upon the physical structure of the body of the employee, which was a proximate result of it, is an accident under our statute. * * *"

The case of L. C. Kimsey Heating & Plumbing Co. v. House, 152 Okl. 200, 4 P.2d 59, sets forth in clear and concise language the conditions under which compensation may be allowed as a result of a heat stroke, as follows:

"If the place of the employee's work, by reason of its location, nature, and climatic condition, would likely expose him to the danger of heat exhaustion, overheating, or heat exertion, or if the risk of injury by heat exhaustion, overheating, or heat exertion is naturally connected with and reasonably incidental to his employment, as distinguished from the ordinary risk to which the general public is exposed from climatic conditions, the employer will be liable for the consequential injury."

This was re-affirmed in Miller-Jackson Co. v. Watson, 164 Okl. 211, 23 P.2d 391.

In the matter of In re Mitchell, 61 Ariz. 436, 150 P.2d 355, in which deceased met his death by inhaling carbon tetrachloride as it evaporated from use in cleaning contacts or terminals in switch board relays of the Mountain States Telephone & Telegraph Co. by whom he was employed, Justice Udall, writing the opinion for this court, held in substance that "accidental injuries" are injuries by accident within the Workmen's Compensation Act and include those which arise out of and unlooked for mishap, an unexpected, unusual and extraordinary event not reasonably contemplated as a part of normal conditions of employment. This decision while admitting the correctness of the conclusion reached by this court in Pierce v. Phelps Dodge Corporation, 42 Ariz. 436, 26 P.2d 1017, in effect overruled that decision in so far as it limited the definition of the term "by accident" as used in the Workmen's Compensation Act to some sudden or instantaneous event or occurrence which taken by itself may be recognized as an accident and that the injury complained of must follow as the result of such accident. It rejected the idea that an accident must be necessarily sudden or violent or result from an external act or occurrence and held that the injury may be gradual or progressive or not immediately discoverable.

We believe this to be the general trend in the decisions throughout the nation. A heat stroke or heat prostration does not occur instantaneously but is the climax

to exposure to intense external heat combined with physical exercise. Volume 26 of the Encyclopedia Americana, 1953 Ed., p. 38, states that:

"Sunstroke, prostration due to exposure to intense external heat. Such exposure may be to the direct or indirect rays of a tropical sun or to excessive heat of an engine room. In either case heat and physical exertion combine to bring about the results. * * *"

Deceased in unloading lumber from a truck was more exposed to injury by heat stroke than others in that locale not engaged in physical exertion of any kind. Dr. Hunsik stated Vukovich died from a "heat stroke", that the heat stroke was "due to over-exertion on a hot day." He was therefore more exposed to injury than others not so engaged. This testimony stands unrefuted. Dr. Wood who performed the autopsy upon deceased reported to the commission that death was due to acute heat stroke and that there was no evidence of a pre-existing disease which could have caused death.

We therefore hold that the heat stroke was caused by an accident which arose out of and in the course of employment of deceased while he was more exposed to injury by heat stroke than others in that locale not in any wise exerting themselves and that the injury arose by accident arising out of his employment and in the course thereof and is compensable.

Award set aside.

STANFORD, C. J., and UDALL, LA PRADE and WINDES, JJ., concurring.