279 P.2d 726

**Howard WARNER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Defendant Insurance Carrier, J. J. O'Neill, B. F. Hill and F. A. Nathan, as Members of the Industrial Commission of Arizona, and Raymond Fiedler, Defendant Employer, Respondents.**

**No. 5889.**

Supreme Court of Arizona.

Feb. 8, 1955.

Baker, Wilson & Greenfield, Phoenix, for petitioner.

Donald J. Morgan, Phoenix, John R. Franks and Robert K. Park, Phoenix, of counsel, for respondent Industrial Commission.

PHELPS, Justice.

This cause comes to us on certiorari from an award of the Industrial Commission de-

nying compensation to Howard Warner, petitioner herein.

The facts are that Warner went to work as a painter for Raymond Fiedler in September, 1952. Petitioner remained at this employment continually up to the date of the accident except for six or seven weeks because of a brick strike. During the day in question the temperature rose from 97 degrees to 103 degrees with very little humidity. On August 12, 1953, petitioner and two other painters were painting the outside walls of a commercial building. The building is about 24 feet in height and the men worked on scaffolding which they would move as necessity required. The men had lunch at 12 noon and at 12:30 p. m. went back to the job. There was no protection from a midday sun. Petitioner thereafter drank quite a bit of cold water. At about 2:45 p. m. he said he was nauseated and vomited and felt weak. Next he started getting cramps. Fiedler, his employer, was there and saw all this transpire. He then told petitioner to come down from the scaffold.

Petitioner went to Doctor J. Allen Ginn on Friday, August 14, 1953, because he still had cramps. Doctor Ginn did not testify but his medical report is in the file and he stated that petitioner suffered "acute heat prostration."

The employer's report required to be filed with the Industrial Commission in this case, was signed September 5, 1953, by Kenneth Victor the bookkeeper for Fiedler, in which the injury is described as "general acute heat prostration." The two other employees who were present at the time filed affidavits. Both of them are to the effect that petitioner began to feel sick and vomited and became very weak. The investigator's report contained the same facts as above and in the petitioner's own words "I was painting on scaffold the side of the store building, the walls of it, and all I know I blacked out." Petitioner duly filed his claim with the commission for compensation.

On October 10, 1953, the commission made its findings and award "that said applicant did not sustain a personal injury by accident arising out of and in the course of his employment on August 12, 1953," and denied compensation.

Timely application for rehearing was made and granted. Formal hearing was held on December 2, 1953, and on January 11, 1954 the findings and award of October 10, 1953, were affirmed. At this hearing four persons testified: the employer, employee and Roach and Platt, fellow employees. Their testimony was to the same effect as that stated by them in their respective affidavits and reports.

It is difficult for us to conceive how the commission found that the injury suffered did not arise out of and in the course of petitioner's employment. Two of the reports furnished the commission, the doctor's report and the employer's report both stated that petitioner suffered

an acute heat prostration. The affidavits of Roach and Platt and the report of the investigator for the commission stated that petitioner became nauseated and vomited while at work painting the outside (west) wall of a store building. This occurred immediately after petitioner and the two other employees had moved the scaffolding upon which they worked. The commission must be aware of the fact that "heat prostration" is a compensable injury as stated in Vukovich v. Industrial Commission, 76 Ariz. 187, 261 P.2d 1000. To the same effect is the recent case of Watson v. Sam Knight Mining Lease, 78 Ariz. 114, 276 P.2d 536. It is common knowledge that the rays of an afternoon summer's sun beating against the west wall of a brick building materially intesifies the heat in close proximity to the wall.

It is a well-known rule of law that claimant must show by a reasonable preponderance of the evidence that the injury did arise out of and in the course of his employment. Vest v. Phoenix Motor Company, 50 Ariz. 137, 69 P.2d 795.

We believe petitioner fully sustained the burden of proof in this case, imposed upon him by law. No useful purpose will be served by further discussion of either the law or the facts in this case.

Award set aside.

LA PRADE, C. J., and UDALL, WINDES, and STRUCKMEYER, Jr. JJ., concurring.