181 P.2d 620

BLASDELL et al. v. INDUSTRIAL COM-
MISSION et al.

No. 4944.

Supreme Court of Arizona.

May 26, 1947.

374

Jennings, Salmon & Trask, J. A. Riggins, Jr., and Henry S. Stevens, all of Phoenix, for petitioners.

H. S. McCluskey, of Phoenix (John R. Franks, of Phoenix, of counsel), for respondents.

UDALL, Judge.

J. J. Blasdell and L. M. McLeod, a partnership doing business as M. B. M. Farms, bring before us for review an award of the Industrial Commission of Arizona to one Severiano Ruelas for an injury suffered by him. These parties will hereafter be referred to as the M. B. M. Farms and the Commission, respectively, and the individuals involved will be designated by their surnames.

No dispute exists over the fact of the injury, the only issue being whether the evidence sustains the award of the Commission which was based upon its necessary finding that Ruelas was an employee of the M. B. M. Farms.

The record shows that the M. B. M. Farms were engaged in the business of

growing, packing and shipping vegetables commercially, for sale in eastern markets. Some of the vegetables which it shipped were grown by it on its own lands, and others were purchased as growing crops to be later harvested, processed, shipped and sold.

In the Spring of 1946 it purchased 115 acres of growing onions near Laveen. In the latter part of April, 1946, Blasdell, on behalf of the partnership, entered into an oral contract with one Armando Canez to harvest this 115 acres of onions. By the terms of the contract Canez was to secure and furnish all of the necessary tools (except a grader which was to be provided by the M. B. M. Farms), employ his own workmen, supervise their work, and deliver to the trucks of the M. B. M. Farms at the field not less than three nor more than eight cars of onions per day. Payment for the work under the contract was to be based upon the price of a finished sack which was computed on the basis of twenty cents per field sack plus thirteen cents per packed out sack. It was further agreed that the onions were to meet a government standard of 85% grade or better.

Ruelas was one of the workmen employed by Canez on this job, his particular duty being to sew up the sacks after they had been filled at the grader some thirty feet from where he worked. The Commission found as a fact that Ruelas was an agricultural worker not employed in the use of machinery.

On May 13, 1946, after Ruelas had finished sewing up one particular sack, he undertook with an axe to cut the string with which the sack was sewed, and while so doing, accidentally cut his right index finger. At the instigation of a Commission investigator, Ruelas, on July 22, 1946, filed a claim for compensation wherein M. B. M. Farms was listed as the employer. When the matter was called to the attention of the M. B. M. Farms it denied that it was, or ever had been, an employer of Ruelas and refused to submit the usual employer's report of injury or assume any liability whatsoever. A hearing before a referee was had on August 8, 1946, and on August 15 the Commission made an award to Ruelas as an employee of the M. B. M. Farms. A Petition for Rehearing was denied.

Since August 29, 1944, M. B. M. Farms has carried a Workmen's Compensation Insurance policy with the Commission (Form 0006), covering all its general agricultural workers, whether employed in the use of machinery or not. Canez, however, carried no insurance upon even those agricultural workers employed by him in the use of machinery and, from his testimony, seemed totally unaware of the existence of the Workmen's Compensation Law or of the Industrial Commission in Arizona. Although we are not here concerned with his derelictions or responsibilities in the matter, it might be noted in passing that he paid Ruelas $150.00, an amount far in excess of Ruelas' doctor and hospital fees. Ruelas failed to appear at the hearing held before

376

the Commission's referee and apparently has lost all interest therein.

■ The pertinent question in this case is whether Canez was an employee of M. B. M. Farms or was an independent contractor. If he was an employee then the men, including Ruelas, working in his crew and under his direction would occupy a similar status and would be protected under the policy as issued. It would make no difference that M. B. M. Farms failed to list these men as its employees or pay premiums on them to the Commission. They would still be covered by the M. B. M. policy insuring all agricultural workers. West Chandler Farms Co. v. Industrial Commission, 64 Ariz. 383, 173 P.2d 84. If, however, Canez was an independent contractor he was under no statutory obligation to so insure such of his own agricultural employees as Ruelas "not employed in the use of machinery". Sec. 56-928. And as, in fact, he did not insure them, the injured man here in question would not be entitled to relief under the Workmen's Compensation Act.

■ The body of law concerned with distinguishing independent contractors from employees is, indeed, huge. And though no hard and fast rule can be set forth, but instead each case must be determined by the sum total of its own facts, the general test laid down by our own statute (Sec. 56-928) and by the great weight of authority is whether the alleged employer "retains supervision or control over the method of reaching a certain result, or whether his control is limited to the result reached, leaving the method to the other party." United States Fidelity & Guaranty Co. v. Industrial Commission, 42 Ariz. 422, 26 P.2d 1012, 1015. In order to apply this test and so determine the extent of this "right of control", courts look for a variety of signposts or indicia none of which are in themselves conclusive but which when taken together and applied to a particular set of facts, aid in making the line to be drawn more clear. Prosser on Torts, 1941, pp. 474, 475; Restatement of the Law of Agency, Ch. 7, Sec. 220; Lee Moor Contracting Co. v. Blanton, 49 Ariz. 130, 65 P.2d 35; Consolidated Motors v. Ketcham, 49 Ariz. 295, 66 P.2d 246; Industrial Commission v. Meddock, 65 Ariz. 324, 180 P.2d 580.

■ The indication of these signposts from the facts at hand is clearly that Canez was an independent contractor. He was employed to do a job which had a definite beginning and end, i. e., to harvest 115 acres of onions. He had complete charge of hiring and firing his crew, getting them to and from the job in his own trucks, setting their wage scale and paying them and directing them in their work. He kept their production records and supplied them with the necessary hand clippers. The only machinery supplied by M. B. M. Farms was a grader. Canez himself was paid in large sums and at irregular intervals, the payment being based upon the amount of onions harvested, and to standards set not by the M. B. M. Farms but by the Government.

And running these harvest crews on different crops and for different farms seemed to have been his distinct occupation for three or four years, requiring him to hire at times as many as 200 pickers. Not only was Canez subject to no supervision or control by M. B. M. Farms in the method of doing his work, but he was, in fact, visited by Blasdell only upon six or seven occasions during the entire harvest, at which time Blasdell never got out of his car but simply delivered to Canez a check for services rendered. Finally, M. B. M. Farms could not have broken its contract with Canez without incurring liability therefor.

It is true that purchasing crops and having them harvested was a part of the regular business of M. B. M. Farms, and of necessity, it supplied the place of work. Although no very great degree of skill is required to harvest these crops, some skill is necessary for securing and directing a harvest crew such as Canez was required to do. But these factors, instead of pointing towards Canez being an employee under the facts at hand, seem to be just manifestations of the characteristics of this kind of business.

The Commission attaches much weight to the fact that the policy of insurance issued to M. B. M. Farms in 1944 required that the insured list all independent contractors working for it and not covered by the policy. At that time, the insured listed "None", which listing had not been changed to date. As an indication of M. B. M. Farms' belief or intention concerning the status of Canez and his crew, this failure to list them is of no help for any implication to be derived therefrom is cancelled by the fact that M. B. M. Farms also failed to list Canez and his crew as employees in the statement which, by Sec. 56-919 it was required to furnish to the Commission annually.

The Commission admits frankly that this is a test case presented to this Court, in large part, to point up a problem with which they have been faced since the decision in the West Chandler Farms case, supra. By that decision the Commission was held liable for all employees of an insured employer even though that employer had considered some of his men to be independent contractors and had failed, therefore, to pay premiums upon such men. To protect itself, the Commission, understandably, desires to know in advance who an employer considers to be an independent contractor. In this way the Commission could then investigate such designations, and if the employer's classification is proper, the Commission could see that the independent contractor himself took out the required insurance. Contrariwise, if the employer's classification is wrong, the Commission could collect from the employer the added premiums to cover such men. In this manner a large part of the preliminary investigating work of the Commission would be eliminated for the burden would be upon the employer to point out the sit-

uations which require investigation as to status.

Unquestionably the Commission has the right to make a prior determination as to the status of workmen where it is possible so to do. And such efforts to insure the solvency of the State Compensation Fund would be commendable. But the Commission goes one step further in the instant case and contends that the employer here has the nondelegable duty (arising not from any of the provisions of the Workmen's Compensation Act but out of the terms of his particular policy of insurance) to see that any independent contractors working for him have themselves complied with the provisions of the Act. The Commission suggests, by implication, that should an employer (under the terms of a policy such as the one held by the M. B. M. Farms) fail to list his independent contractors as such and/or fail to see that these independent contractors comply with the Act, such employers will be liable for the premiums upon such men even though they be not his employees. The purpose for this attempted imposition of strict liability is, undoubtedly, to insure the fact that at all times the required premiums will be collected from someone so that the operation of the insurance fund will be kept upon as sound a basis as possible. To try and effect this result, the following question and statement were included in the policy:

"The following are the Only persons engaged in work for employer and who while so engaged are independent of employer in the execution of such work, not subject to the rule or control of employer but engaged Only in the performance of a definite job or piece of work and subordinate to employer Only in effecting a result in connection with the employer's design, who are not covered by this policy: (Answer) None.

\* \* \* \* \* \*

"(If, at any time in the future, employer desires coverage for such persons described in declaration No. 13 (above), advise The Industrial Commission by wire and coverage will be effective upon confirmation by The Industrial Commission. In the event employees of contractors or lessees are not covered by this policy, employer should, for his own protection, ascertain that such contractor or lessee has and maintains a policy protecting him against liability to his employees.)"

The Commission frankly admits that the award must largely rest upon the terms of the policy. Although the imposition by law of such strict liability might be a desirable solution to what is undoubtedly a difficult problem, the Court must interpret the law as it now exists. By this law an employer is not liable for insurance for independent contractors nor for the men working for such independent contractors, nor is any such absolute liability imposed upon an employer for his failure to comply strictly with the provisions in his policy of industrial insurance. An employer's lia-

bility under the Act is determined not by any declarations, verbal or written, but by the fact of the relationship that exists. Whether or not under the facts in this case there was a failure upon the part of the employer to comply with the terms of his policy and what the legal liability would be for such failure as between the parties are questions that are not here before us.

 We have held repeatedly that the findings of the Commission are to be given the same consideration as those of a jury or trial court, and that when there is reasonable evidence to support the award or the facts are such that reasonable men might draw either of two inferences therefrom, the findings of the commission must be sustained, Grabe v. Industrial Commission, 38 Ariz. 322, 299 P. 1031; West Chandler Farms Co. v. Industrial Commission, supra. Where, however, there is no evidence to support the Commission's findings or conclusions, or where these are clearly erroneous, they will not be permitted to stand. Blankenship v. Industrial Commission, 34 Ariz. 2, 267 P. 203. And we have never hesitated to independently consider the question of whether the law has been properly applied to the facts of the case uninfluenced by the conclusions of the Commission. Red Rover Copper Co. v. Industrial Commission, 58 Ariz. 203, 118 P.2d 1102, 137 A.L.R. 740; Pierce v. Phelps Dodge Corporation, 42 Ariz. 436, 26 P.2d 1017.

It was incumbent upon the claimant, Ruelas, to show affirmatively that he was entitled to compensation, Vest v. Phoenix Motor Co., 50 Ariz. 137, 69 P.2d 795; Cole v. Town of Miami, 52 Ariz. 488, 83 P.2d 997; and in our opinion he has failed to carry this burden. The record before us wholly fails to sustain a necessary finding by the Commission that Canez himself was an employee of the M. B. M. Farms and not an independent contractor, and that hence Ruelas was an employee of the M. B. M. Farms.

The award is set aside.

STANFORD, C. J., and LA PRADE, J., concur.