222 P.2d 799

**PARKER v. WATTERS CATTLE RANCH et al.**

No. 5341.

Supreme Court of Arizona.

Oct. 10, 1950.

Gibbons & Kinney, of Phoenix, for petitioner.

H. S. McCluskey, of Phoenix, and Robert E. Yount and Donald J. Morgan, Phoenix, of counsel, for respondents.

DE CONCINI, Justice.

This is an appeal by certiorari from an award of the Industrial Commission of Arizona, defendant insurance carrier, and hereinafter called the commission. The petitioner, Port Parker, was employed as foreman on the Watters' Cattle Ranch near Cottonwood, Arizona, since the year 1942.

The medical history of petitioner discloses that he was born with an unstable low back, which condition in his case is more accurately described as congenital spondylolisthesis. This condition gave him no appreciable difficulty until he strained his back in 1943 while pulling a bale of

hay from a truck. No claim for workmen's compensation was ever filed with the commission because of this accident. Petitioner being continually bothered by his back sought different remedies for this condition. Finally petitioner visited Dr. G. A. Williamson in Phoenix. On January 18, 1949 Dr. Williamson operated on him in an attempt to alleviate his condition by means of a spinal fusion. Petitioner wore a plaster cast until May, 1949, when it was removed and a corset brace fitted, at which time Dr. Williamson was of the opinion that the fusion was progressing satisfactorily.

On June 22, 1949, the petitioner got upon a horse to help rope a steer. An accident occurred when the rope with which he had lassoed a steer caught him across the back and twisted him, throwing him out of the saddle. He continued working after that incident until August 16, 1949, when he suffered another mishap by falling off a piece of farm machinery while holding a 100 pound sack of gypsum in his arms. During all this time he claimed he was continually in pain. He continued to work, however, and filed no claim for compensation until September 18, when he returned to the doctor complaining of further disability. Upon X-ray examination, the doctor became convinced that there had been some change in the region of the fused area from the time of the X-ray reports in May and June and the X-rays in September.

At this latter time a report was sent with a claim for compensation to the commission. The commission entered findings and an award denying compensation. Upon receipt of a motion for rehearing, hearings were held, one on November 28, 1949, and the other on February 7, 1950, at the conclusion of which, the previous findings and award were affirmed. Following this determination the petitioner applied to this court for a Writ of Certiorari, by virtue of the provisions of section 56-972, A.C.A.1939.

Petitioner makes several assignments of error and propositions of law. They may be all summed up by saying that the petitioner is claiming that the commission's award is not supported by and is contrary to the evidence. Both parties agree that there was sufficient evidence that petitioner had sustained an injury and that he had suffered an accident. But the commission contends the injury was not compensable because under the evidence there was no causal connection shown between the accident and the injury.

We have continually held that the commission's findings and award will be sustained if there is any competent evidence to support them. Zagar v. Industrial Comm. of Ariz., 40 Ariz. 479, 14 P.2d 472. We have further held that the burden of proof to support a claim for compensation is upon the applicant. Emery v. Industrial Comm., 69 Ariz. 87, 210 P.2d 217; Blasdell v. Industrial Comm., 65 Ariz. 373,

181 P.2d 620. The question then is, did the petitioner sustain that burden of proof?

Under the circumstances and testimony in the record of this case, other triers of fact might have granted compensation to the petitioner. But we are not here concerned with weighing the evidence but only with ascertaining whether it was competent to sustain the award as made or, more particularly in this case, whether the petitioner had sustained the burden of proof as to the compensability of the injury sustained.

The testimony of the witnesses at the hearings and the various letters and reports by the attending physician, Dr. Williamson, indicate to us that there is sufficient evidence to support the commission's award denying compensation. The inferences drawn by the commission from the facts are not so arbitrary and capricious as a matter of law to justify upsetting the award. The petitioner claims that the evidence is conclusive to the effect that he suffered injury by accident arising out of and in the course of his employment. An examination of the record will reveal that there was no conclusive showing of a causal relationship between accident and injury. The question of causal connection between accident and injury and between injury and disability is usually one requiring medical evidence and testimony.

Only one doctor testified in this case, that one being Dr. G. A. Williamson, the petitioner's attending physician. Only once in his testimony did Dr. Williamson attribute the petitioner's injury to the accident, but on cross, redirect and recross examination he testified that he couldn't definitely say what caused the failure of the fusion. Dr. Williamson testified it was possible but not altogether certain that the accident caused the incomplete fusion and resulting disability. This fact, together with the fact revealed in the examination of Dr. Williamson, that spinal fusions are not particularly successful and that in a large percentage of cases they are unsuccessful, is sufficient to justify the commission's inference that the accidents of June 22, and August 16th, 1949, were not responsible for the unfavorable results of the operation, which was performed for the purpose of correcting a congenital condition.

Award affirmed.

LA PRADE, C. J., and UDALL, STANFORD and PHELPS, JJ., concurring.