546 P.2d 1149

**Mrs. Harley M. FRY, widow, Harley M. Fry, Deceased, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**The Southland Corporation, Respondent Employer,**

**State Compensation Fund and Travelers Insurance Company, Respondent Carriers.**

**No. I CA–IC 1324.**

Court of Appeals of Arizona, Division 1, Department C.

March 11, 1976.

Rehearing Denied April 16, 1976.

Gorey & Ely, by Walter R. Ulman, Phoenix, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Fisher & Phillips, by Charles Kelso, D. Gerald Coker, Atlanta, Ga., and Beer, Kalyna & Simon, by Paul Beer, Phoenix, for respondent employer.

Robert K. Park, Chief Counsel, State Compensation Fund, by Donald F. Schaar, and Burch Cracchiolo, Levie, Guyer & Weyl, by John F. Day, Phoenix, for respondent carriers.

OPINION

WREN, Judge.

This petition for certiorari questions an Industrial Commission award finding a noncompensable claim because the claimant was found to be an independent contractor and not an employee of the respondent, Southland Corporation. After reviewing the record before the Industrial Commission, we have concluded that the award was supported by substantial evidence and must be affirmed.

Petitioner, Harley M. Fry, filed a claim for workmen's compensation on November 2, 1973 alleging an employment-related injury occurring on November 5, 1972. The respondent carriers, Travelers Insurance Company and State Compensation Fund, denied the claim and Fry requested a hearing.

The undisputed facts were that Fry had been shot and seriously injured on November 5, 1972 while working in a 7-Eleven convenience market and that at the time of the injury Fry operated the 7-Eleven store under a franchise agreement with Southland Corporation. The sole issue before the hearing officer was whether Fry was an employee of Southland or an independent contractor.

A formal hearing was held on July 17, 1974 and extensive testimony was taken concerning the operation of Fry's 7-Eleven store and his rights and obligations under the franchise agreement with Southland. On November 8, 1974, the hearing officer issued his findings and award which found that Fry was an independent contractor rather than an employee of Southland and therefore not eligible for benefits under the workmen's compensation law. This finding was affirmed on rehearing.

"The characteristic of an independent contractor is that he is independent of his employer in the manner of achieving the result for which he has been contracted; i. e., he represents the will of his employer only as to the result of his work and not as to the means by which it is accomplished." *Hovatter v. Shell Oil Company*, 111 Ariz. 325, 328, 529 P. 2d 224, 227 (1974).

The determination of whether a worker has the characteristics of an inde-

pendent contractor is made by application of the "right to control" test. *Blasdell v. Industrial Commission,* 65 Ariz. 373, 181 P.2d 620 (1947); *Industrial Commission v. Meddock,* 65 Ariz. 324, 180 P.2d 580 (1947); see A.R.S. § 23–902C. The critical factor is not the actual exercise of the supervision and control but the existence of the right to do so. *Scott v. Rhyan,* 78 Ariz. 80, 275 P.2d 891 (1954); *Industrial Commission v. Meddock,* supra.

■ Each case must be determined by considering the sum total of its individual facts. *Hovatter v. Shell Oil Company,* supra; *Blasdell v. Industrial Commission,* supra. Some of the relevant factors commonly considered are:

"(a) the extent of control which, by the agreement, the master may exercise over the details of the work;

"(b) whether or not the one employed is engaged in a distinct occupation or business;

"(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

"(d) the skill required in the particular occupation;

"(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

"(f) the length of time for which the person is employed;

"(g) the method of payment, whether by the time or by the job;

"(h) whether or not the work is a part of the regular business of the employer;

"(i) whether or not the parties believe they are creating the relation of master and servant; and

"(j) whether the principal is or is not in business."

Restatement of Agency, § 220.

■ In the instant case, the hearing officer made extensive findings of fact with regard to the relationship between Fry, as a franchisee, and Southland, and the exercise and right of control over the day-to-day operations of the 7-Eleven store. These findings reflect that Fry leased the building and equipment from Southland for a term of 15 years. He was obligated to repair and maintain the premises at his own expense. All sales taxes and personal property taxes on inventory were to be paid by Fry. The terms of the franchise agreement specifically provided that Fry was an independent contractor and had the right to control the manner and means of the store's operation.

Moreover, Fry had exclusive control over hiring and firing any store employees and was free to set their hours and wages. The franchise agreement required that he maintain a policy of workmen's compensation to cover his employees. His own income was based on the profits from the store and Southland was entitled to a percentage of gross profits.

With regard to merchandise, Southland provided Fry with a list of recommended products, retail prices and vendors of the products. However, Fry was not bound by the recommendations and was free to buy from whomever he chose, and to set the prices on whatever products he decided to stock. The fact that Fry had not deviated from Southland's recommendations is not relevant since he clearly had the power to do so.

Under the franchise agreement, Southland required Fry to operate the store 24 hours a day, 7 days a week, and to utilize Southland's computerized bookkeeping and accounting system. It was noted though that Fry could obtain additional bookkeeping services if he wished, at his own expense, and could have independent audits in addition to Southland's periodic inventory audits. In addition, Fry had made a substantial monetary investment to secure the franchise agreement with Southland and the operation of the 7-Eleven required

considerable skill, judgment and management capabilities on the part of Fry.

The franchise agreement authorized Southland to terminate the franchise at any time upon 30 days notice. Fry maintains that this "right to fire" in essence is determinative of the right to control. While such a right is relevant to the evaluation of control, it is not conclusive. *Industrial Commission v. Meddock,* supra. More importantly, Fry's franchise agreement could not be terminated without liability. The agreement provided for submission of any dispute concerning termination to an arbitrator who could award damages. This fact mitigates in favor of an independent contractor rather than employee relationship. *Blasdell v. Industrial Commission,* supra.

These myriad facts, found by the hearing officer and supported by the evidence amply demonstrate that Fry was an independent contractor and not an employee of Southland under the 7-Eleven franchise agreement.

The award is affirmed.

NELSON, P. J., and SCHROEDER, J., concurring.