599 P.2d 805

The HOME INSURANCE COMPANY and Bestway Trucking Company, Petitioners,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Richard N. Fischer, Respondent-Employer,

Ronald D. Conway, Deceased, Carole Sue Conway, widow, Charles Conway, Stephen S. Conway and Kandy S. Conway, Individually and by their Guardian ad litem, Carole Sue Conway, Respondents-Applicants.

Richard N. FISCHER, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Bestway Trucking Company, Respondent-Employer,

Ronald D. Conway, Deceased, Carole Sue Conway, widow, Charles Conway, Stephen S. Conway and Kandy S. Conway, Individually and by their Guardian ad litem, Carole Sue Conway, Respondents-Applicants,

The Home Insurance Company, Respondent-Carrier.

Nos. 1 CA–IC 1779, 1 CA–IC 1783.

Court of Appeals of Arizona, Division 1, Department C.

Sept. 12, 1978.

Rehearing Denied Oct. 18, 1978.

Review Granted Nov. 7, 1978.

Glen D. Webster, Jr., Phoenix, for Home Ins. Co. and Bestway.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

James F. Brook, Phoenix, for Fischer.

Shosana B. Tancer, Phoenix, for respondents-applicants Conway.

## OPINION

SCHROEDER, Presiding Judge.

The question presented in this consolidated special action—Industrial Commission, is whether the decedent employee, Ronald D. Conway, was employed by Bestway Trucking Company and Richard N. Fischer at the time of his fatal industrial accident. The hearing officer found that Fischer and Bestway had the requisite right to control Conway, and that he was, therefore, an employee of both. We affirm.

In January, 1976, Fischer entered into an arrangement with Bestway Trucking Company, a freight forwarder. Fischer agreed to lease a truck-tractor owned by him to Bestway. Bestway agreed to load its trailers with freight for delivery with Fischer's tractor. Fischer was to furnish a driver for these deliveries.

On June 16, 1976, Conway was killed in an accident while driving a rig which consisted of the tractor owned by Fischer and a trailer owned by Bestway.

A claim for compensation benefits was filed against Bestway and Fischer. Although Fischer had agreed with Bestway to obtain workmen's compensation insurance, he failed to do so. Therefore, the claim against him was processed as a "no insurance" claim by the Industrial Commission. Bestway and the Industrial Commission denied compensation. The respondents filed a timely request for a hearing and a consolidated hearing was held on January 4, 1977.

At the hearing, Fischer testified that either he or one of Bestway's employees contacted Conway in order to assign Conway to specific deliveries. Fischer explained that Conway was free to refuse any such assignment, but that if Conway had refused several of the assignments without a legitimate reason, he would have been "through" with him. Bestway paid Fischer 33 cents per mile and Fischer, in turn, paid Conway 13 cents per mile. According to Fischer, Bestway computed the mileage traveled on a particular haul by using the mileage figures contained in a moving guide. Thus, Conway was not paid for the actual distance he traveled on a particular delivery, but was paid according to a preestablished standard. Fischer also testified that he generally paid Conway on a weekly basis depending on the total number of trips per week, and that Fischer assumed all maintenance and repair expenses for the tractor. Fischer expected Conway to give him some type of notice if Conway decided not to drive for him, and he further testified that if Bestway had become dissatisfied with Conway's performance, he would have obtained another driver.

One of Bestway's dispatchers, Dennis J. Myers, also testified. Myers explained that Bestway established a delivery schedule and that he had personally called Conway several times in order to give him his driving assignments. After receiving his "driver's orders" from Bestway, Conway picked up the trailer at Bestway's terminal and attached it to Fischer's tractor. Myers testified that Bestway expected Conway to pick up the trailer with Fischer's tractor "at about the time" Bestway finished loading it. Although Conway was not required to report to Bestway during a haul or to arrive at a destination at a specified time, Bestway expected Conway to arrive at his destination within a reasonable time.

Carole Sue Conway, Conway's wife, also testified. Mrs. Conway stated that Conway had terminated other employment in order to drive for Fischer, and that at the time of the accident, Conway was driving for Fischer and Bestway, and for no one else.

On the basis of the evidence presented at the hearing, the hearing officer found that Conway was employed by both Bestway and Fischer. He also determined that Fischer's relationship to Bestway was that of an independent contractor. In so holding, the hearing officer found that Fischer and Bestway had each possessed a right to control Conway's activities.

On appeal, Bestway and Fischer both contend that the evidence was insufficient to support the hearing officer's finding that Conway was their employee. Additionally, Bestway argues that the hearing officer's finding that Fischer was an independent contractor should have precluded him from finding that Conway was an employee of Bestway.

■ It is the right to control or supervise the method of reaching a specific result which determines whether an individual is an employee or an independent contractor. *Blasdell v. Industrial Comm'n*, 65 Ariz. 373, 376, 181 P.2d 620, 622 (1947); *Reed v. Industrial Comm'n*, 23 Ariz.App. 591, 593, 534 P.2d 1090, 1092 (1975). In determining whether a party has this right to control, the totality of the facts and circumstances of each case must be examined; no one fact is, in itself, conclusive. *El Dorado Insurance Co. v. Industrial Comm'n*, 25 Ariz.App. 617, 619, 545 P.2d 465, 467 (1976). The relevant factors include the duration of the employment, the extent to which the employer may exercise control over the details of the work, the identity of the person who furnishes the tools or equipment necessary for performance of the work, and whether the work was performed in the usual and regular course of the employer's business. *E. g., Fry v. Industrial Comm'n*, 26 Ariz. App. 140, 546 P.2d 1149 (1976); *El Dorado Insurance Co v. Industrial Comm'n*, 25 Ariz. App. at 619, 545 P.2d at 467.

■ After carefully reviewing the record, we hold that there was sufficient reasonable evidence to warrant the hearing officer's finding that Conway worked for Fischer and Bestway.

The evidence reflects that Fischer treated Conway as his employee. Fischer represented to Bestway that Conway was his driver and, in fact, used Conway as his only driver. Although the duration of Conway's employment with Fischer was never specified, the evidence shows that Fischer expected to use Conway as long as his work remained satisfactory. Fischer supplied Conway a necessary piece of equipment, the tractor, and assumed all repair and maintenance expenses. The work performed by Conway was clearly within the usual and regular course of Fischer's business, that of hauling freight.

The work performed by Conway was also in the usual and regular course of Bestway's freight forwarding business. Bestway obtained the freight for Conway to haul, established and furnished all delivery assignments, and supplied the trailers which Conway would transport while using Fischer's tractor. Bestway also had a right to control or supervise the manner in which Conway performed his work. The evidence shows that Bestway expected Conway to follow established departure and arrival times. Conway was, in a practical sense, prevented from deviating from well-recognized delivery routes because Bestway expected him to arrive at each delivery point within a "reasonable time," and because he was paid only for the mileage of standard routes. Also, as found by the hearing officer

> "although (per Agreement) Fischer was to actually hire necessary drivers it is patent that Bestway had the right to cause the termination of any driver (including the deceased) if his services were unsatisfactory. . . ."

■ Bestway argues that the hearing officer's finding that Fischer was an independent contractor precluded him from finding that Conway was an employee of both Fischer and Bestway. This argument, how-

ever, ignores the fact that an employee may work for two parties who both have the right to control the manner of his performance. Under our workmen's compensation law, an employee must look for compensation from the employer under whose direction he is working at the time of his industrial injury. *Carnes v. Industrial Comm'n*, 73 Ariz. 264, 240 P.2d 536 (1952); *see Blasdell v. Industrial Comm'n*.

In situations where more than one employer shares a right to control a worker's method of performance, other courts have found a joint employment situation. In *Wabash Smelting, Inc. v. Murphy*, 134 Ind. App. 198, 186 N.E.2d 586 (1962), *overruled on an unrelated issue, McKinley v. Review Board*, Ind.App., 283 N.E.2d 395 (1972), the court, in finding such an employment situation, emphasized that both employers had the power or right to control the method of the employee's performance of his duties. *See also Jackson Trucking Co. v. Interstate Motor Freight System*, 122 Ind.App. 546, 104 N.E.2d 575 (1952). *See generally* 1A Larson, Law of Workmen's Compensation § 48.40:

> "Joint employment is possible, and indeed fairly common, because there is nothing unusual about the coinciding of both control by two employers and the advancement of the interests of two employers in a single piece of work. It has already been noted that, in the familiar situation of the leased truck and driver . . . the lessor may be accomplishing his business purpose of furnishing equipment and labor at a profit, while the lessee is at the same moment accomplishing his business purpose of transporting goods . . . and the lessor may retain enough control to safeguard his interest in the valuable equipment, while the lessee may assume enough control to get his work done efficiently." *Id.* at 8–254.

Finally, relying principally on *Blasdell v. Industrial Comm'n*, Bestway contends that our Supreme Court has held that an employee cannot be employed by two employers in a joint employment situation. In *Blasdell*, the Court found that the Industrial Commission had improperly awarded benefits because the alleged employer did not have the right to control the injured worker's performance. In so finding, the Court did not hold that only one party may, as a matter of law, possess the right to control a worker's activities. Indeed, our Supreme Court has repeatedly emphasized that it is the right to control an employee's actions which gives rise to an employee-employer relationship. *Hughes v. Industrial Comm'n*, 113 Ariz. 517, 558 P.2d 11 (1976); *Scott v. Rhyan*, 78 Ariz. 80, 275 P.2d 891 (1954); *Industrial Comm'n v. Navajo County*, 64 Ariz. 172, 167 P.2d 113 (1946).

In conclusion, we believe that the facts in this case establish an employer-employee relationship between Conway and Bestway and Fischer. Both Bestway and Fischer shared a right to control or supervise Conway's work. As we have often stated, an award of the Industrial Commission must be upheld on review if it appears reasonably supported by the evidence. *Capitol Foundry v. Industrial Comm'n*, 27 Ariz.App. 79, 551 P.2d 69 (1976).

The award is affirmed.

DONOFRIO and WREN, JJ., concur.