599 P.2d 801

The HOME INSURANCE COMPANY and Bestway Trucking Company, Petitioners,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Richard N. Fischer, Respondent Employer,

Ronald D. Conway, Deceased, Carole Sue Conway, widow, Charles Conway, Stephen S. Conway and Kandy S. Conway, Individually and by their Guardian ad litem, Carole Sue Conway, Respondents-Applicants.

Richard N. FISCHER, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Bestway Trucking Company, Respondent Employer,

Ronald D. Conway, Deceased, Carole Sue Conway, widow, Charles Conway, Stephen S. Conway and Kandy S. Conway, Individually and by their Guardian ad litem, Carole Sue Conway, Respondents-Applicants.

No. 14034–PR.

Supreme Court of Arizona, In Banc.

Sept. 4, 1979.

Glen D. Webster, Jr., Phoenix, for Home Ins. Co. and Bestway.

John D. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

James F. Brook, Phoenix, for Fischer.

Shosana B. Tancer, Phoenix, for respondents-applicants Conway.

GORDON, Justice:

This case involves an Industrial Commission's finding that the decedent employee, Ronald D. Conway (Conway) was employed by both Richard N. Fischer (Fischer) and Bestway Trucking Company (Bestway) at the time of his fatal industrial accident. The hearing officer held Bestway and Fischer each responsible for one-half of the benefits due Conway's widow and children. The Court of Appeals, in a consolidated special action, affirmed the award of the Commission, 123 Ariz. 352, 599 P.2d 805 (App.1978) (1 CA–IC 1779 consolidated with 1 CA–IC 1783 filed September 12, 1978). After their motion for rehearing was denied, Bestway and its compensation insurance carrier, Home Insurance Company, petitioned this Court to review the Court of Appeals decision. We granted review pursuant to A.R.S. § 12–120.24. The decision of the Court of Appeals is vacated; the award of the Industrial Commission is set aside.

Conway was killed in an accident while he was driving a rig consisting of a tractor owned by Fischer and a trailer owned by Bestway. This arrangement was pursuant to a written lease whereby Fischer, as lessor, was to provide his tractor and a driver to haul trailers for Bestway, the lessee, which was engaged in the business of forwarding freight. One of the lease's provisions stated that Fischer was to pay the driver's wages, and that he was responsible for such matters as workmen's compensation insurance. Despite this provision, Fischer failed to obtain the insurance, and the claim against him was processed as a "no insurance" claim by the Commission. Both Bestway and the Commission denied compensation.

After a consolidated hearing, the hearing officer found, *inter alia*, that Fischer was an independent contractor in relation to Bestway and that Conway was the employee of both Fischer and Bestway. We are called upon to determine whether these findings are reasonably supported by the evidence. *See, e. g., Micucci v. Industrial Commission*, 108 Ariz. 194, 494 P.2d 1324 (1972); *State Compensation Fund v. Industrial Commission*, 25 Ariz.App. 316, 543 P.2d 154 (1975).

We first reiterate that this Court will consider the evidence in a light most favorable to sustaining the Commission's award. *Micucci, supra*; *In re Estate of Bedwell*, 104 Ariz. 443, 454 P.2d 985 (1969).

The relevant statutory guidelines for determining whether a worker is an independent contractor or an employee are provided by A.R.S. § 23–902:

> "B. When an employer procures work to be done for him by a contractor over whose work he retains supervision or control, and such work is a part or process in the trade or business of the employer, then such contractors and the persons employed by him, and his sub-contractor and persons employed by the sub-contractor, are, within the meaning of this section, employees of the original employer.
>
> "C. A person engaged in work for another, and who while so engaged is independent of the employer in the execution of the work and not subject to the rule or control of the person for whom the work is done, but is engaged only in the performance of a definite job or piece of work, and is subordinate to the employer only in effecting a result in accordance with the employer's design, is an independent contractor, and an employer within the meaning of this section."

Judicial consideration of the question has yielded the doctrine of "right to control." The right to control or supervise the method of reaching a specific result determines whether an individual is an employee or an independent contractor. *E. g., Blasdell v. Industrial Commission,* 65 Ariz. 373, 181 P.2d 620 (1947); *El Dorado Insurance Co. v. Industrial Commission,* 25 Ariz.App. 617, 545 P.2d 465 (1976). To determine the right to control, courts look to the totality of the facts and circumstances of each case, examining various indicia of control. *Reed v. Industrial Commission of Arizona,* 23 Ariz. App. 591, 534 P.2d 1090 (1975). These indicia, as articulated by the cases, include: the duration of the employment; the method of payment; who furnishes necessary equipment; the right to hire and fire; who bears responsibility for workmen's compensation insurance; the extent to which the employer may exercise control over the details of the work, and whether the work was performed in the usual and regular course of the employer's business. *Compare Industrial Commission v. Meddock,* 65 Ariz. 324, 180 P.2d 580 (1947) *with Fry v. Industrial Commission,* 26 Ariz.App. 140, 546 P.2d 1149 (1976) *and El Dorado Insurance Co. v. Industrial Commission, supra.* In undertaking an analysis none of the indicia is, in itself, conclusive. *El Dorado Insurance Co. v. Industrial Commission, supra.*

That Fischer was an independent contractor in relation to Bestway is not disputed on appeal and is amply supported by the evidence. The hearing officer also found Bestway and Fischer to be joint employers of Conway, because he believed that each possessed the right to control Conway's activities.

Upon examination of the record, we hold that the hearing officer's determination that Conway was the employee of Fischer, rather than an independent contractor, is reasonably supported by the evidence. Fischer represented to Bestway that Conway was his driver, and the evidence shows that Fischer intended to continue to employ Conway as his driver as long as his performance remained satisfactory. Fischer furnished Conway a necessary piece of equipment, the tractor, and was responsible for all repair and maintenance expenses. There was testimony at the hearing that, in the event of a breakdown, Conway had to call Fischer to authorize any repair work. Fischer hired Conway and had the right to fire him. He set the driver's wages and agreed to pay him each week for the routes driven by him that week. Additionally, Fischer assumed responsibility for Conway's withholding tax, social security, unemployment insurance and workmen's compensation insurance, despite his failure to fulfill these commitments. Finally, Conway's duties were clearly within the usual and regular course of Fischer's business, which was the hauling of freight.

The work accomplished by Conway was also in the usual and regular course of Bestway's freight forwarding business. We find, however, insufficient additional indicia of control over Conway's activities to reasonably support the Commission's conclu-

sion that Conway was also an employee of Bestway.

As for the duration of employment, Conway would have driven for Bestway for as long as Fischer continued to employ him. Bestway was not interested in a specific driver, but left it up to Fischer to supply a driver of Fischer's choosing. Conway was hired by Fischer, and we believe the evidence demonstrates that, although Bestway could have requested Fischer to supply a different driver, only Fischer had the right to fire Conway as the driver of his tractor.

Bestway did not pay Conway, and, in fact, did not even know the amount of his wages, which were set by Fischer.

Delivery assignments were generally given to Conway by Fischer. Occasionally, when Fischer was out of town and could not be contacted, Bestway was authorized by him, as a convenience to give assignments directly to Conway.

Bestway did not have the right to control or supervise the manner in which Conway performed his work. Unlike Bestway's own employee-drivers, Conway was not required to call in while en route. We do not view Bestway's expectations that Conway would follow established departure and arrival times and would not deviate from well-recognized delivery routes because he was to arrive within a "reasonable time" as indications of Bestway's control or supervision of Conway. Instead, Bestway could reasonably expect such performance as part of Fischer's agreement under the lease, wherein Fischer as lessor specifically warranted that his drivers would be at all times competent and qualified. Also, it was in Fischer's best interest that Conway perform his duties within a "reasonable time," since Fischer was being paid by Bestway according to a pre-established standard[1] and would lose profits if Conway did not so conduct himself.

For these reasons, we conclude that the evidence does not reasonably support the Commission's finding that Conway was Bestway's employee. Accordingly, the award is set aside.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.

---

1. Fischer was not paid for actual mileage. Instead, Bestway computed the mileage traveled on a particular assignment by using the mileage figures in a moving guide.