NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RICHARD J. PERCY, a single man, *Petitioner,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

KLARRA M. DANIELE, *Respondent Employee,*

SPECIAL FUND DIVISION/NO INSURANCE SECTION, *Respondent Party in Interest.*

No. 1 CA-IC 16-0021
FILED 3-7-2017

ICA Claim No. 20151-730441
Carrier Claim No. NONE
The Honorable Jonathan Hauer, Administrative Law Judge

**AFFIRMED**

COUNSEL

Law Offices of Donald W. Hudspeth, P.C., Phoenix
By Craig W. Broadbent, Christopher Ford
*Counsel for Petitioner*

Snow, Carpio & Weekley, PLC, Phoenix
By Brian A. Weekly
*Counsel for Respondent Employee*

Industrial Commission of Arizona, Phoenix
By Stephen D. Ball
*Counsel for Respondent Party in Interest*

---

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Paul J. McMurdie joined.

---

**N O R R I S**, Judge:

¶1      In this special action from an Industrial Commission of Arizona ("ICA") award and decision upon review, Petitioner, Richard J. Percy, and Respondent Party in Interest, the Special Fund Division/No Insurance Section ("SFD"), argue the Administrative Law Judge ("ALJ") should not have found that Respondent Employee, Klarra Daniele, was an employee of Percy. Reviewing the ALJ's decision and award under the governing standards of review, we disagree. *See Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14, 63 P.3d 298, 301 (App. 2003) (appellate court defers to ALJ's factual findings but reviews questions of law de novo) (citation omitted); *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16, 41 P.3d 640, 643 (App. 2002) (appellate court considers evidence in a light most favorable to upholding ALJ's award) (citation omitted). Therefore, we affirm the award.

### FACTS AND PROCEDURAL BACKGROUND

¶2      Starting in 2012, Daniele began working for Percy and his business Femwrestlingrooms.com, a custom order, female model wrestling video company (collectively, "Percy"). Percy's clients order custom wrestling videos from his website, selecting various models/performers to perform in the video, the length of the video, and the various wrestling techniques the models/performers should use.

¶3      On February 2, 2015, a model/performer injured Daniele while the two were performing a wrestling technique during a video shoot.[1]

---

[1]The parties do not dispute that Daniele suffered an injury.

At that time, Percy was a "non-insured employer." Daniele applied for workers' compensation benefits on June 11, 2015, which the ICA denied on July 17, 2015. Daniele requested a hearing on the denial of her application for workers' compensation benefits. At the hearing, Daniele, Percy, and another model/performer, who had worked for Percy, testified. After the hearing, Daniele, Percy, and the SFD each filed a post-hearing brief addressing whether, at the time of Daniele's injury, she was working for Percy as an employee or was, instead, working for him as an independent contractor.

¶4         After the parties filed their post-hearing briefs, the ALJ issued an award concluding, based on the totality of the circumstances, that Daniele was an employee of Percy. The SFD and Percy timely requested administrative review of the ALJ's decision, but the ALJ summarily affirmed the award.

## DISCUSSION

¶5         On appeal, Percy argues, first, the ALJ gave greater weight than appropriate to whether Daniele's work was in the regular course of Percy's business, gave too little weight to Daniele's independence from Percy's business, and gave too little weight to Daniele's performance of definite jobs and the piecemeal nature of her work. The SFD similarly argues the ALJ gave inappropriate weight to several factors, asserting "more factors weigh in favor of a finding that Daniele was an independent contractor rather than an employee." We reject these arguments.

¶6         "Employee" and "independent contractor" are defined by statute. Under Arizona Revised Statutes ("A.R.S.") section 23-902(B) (2016), "[w]hen an employer procures work to be done for the employer by a contractor over whose work the employer retains supervision or control, and the work is a part or process in the trade or business of the employer, then the contractors . . . are . . . employees." Conversely, under A.R.S. § 23-902(C)

> A person engaged in work for a business, and while so engaged is independent of that business in the execution of the work and not subject to the rule or control of the business for which the work is done, but is engaged only in the performance of a definite job or piece of work, and is subordinate to that business only in effecting a result in accordance with that business design, is an independent contractor.

In interpreting these statutory definitions, Arizona courts have recognized that the distinction between an employee and an independent contractor rests on the employer's right to control the employee. *Home Ins. Co. v. Indus. Comm'n*, 123 Ariz. 348, 350, 599 P.2d 801, 803 (1979). In deciding who has the right to control, Arizona courts have identified several factors or "indicia," including:

> the duration of the employment; the method of payment; who furnishes necessary equipment; the right to hire and fire; who bears the responsibility for workmen's compensation insurance; the extent to which the employer may exercise control over the details of the work, and whether the work was performed in the usual and regular course of the employer's business.

*Id*. No single factor is dispositive, and courts look to the totality of the facts and circumstances. *Munoz v. Indus. Comm'n*, 234 Ariz. 145, 150, ¶ 16, 318 P.3d 439, 444 (App. 2014) (citation omitted). Because the workers' compensation statutes are remedial in nature and designed to provide compensation to injured persons, we apply a liberal construction of those statutes. *Henderson-Jones v. Indus. Comm'n*, 233 Ariz. 188, 192, ¶ 10, 310 P.3d 976, 980 (App. 2013). Nevertheless, we will not "interpret" the statutes to provide benefits when, under the facts and the law, an injury is not compensable. *Id*.

¶7            As an initial matter, we reject Percy's argument that in considering the totality of the circumstances, the ALJ misapplied the law. The ALJ examined the totality of the circumstances, applying several of the factors listed above. Further, in arguing that the ALJ misapplied the law, Percy, and to a lesser extent the SFD, are essentially asking this court to reweigh the evidence presented to the ALJ. This court, however, does not reweigh the evidence. *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398, 542 P.2d 1096, 1097 (1975). As we discuss, the ALJ appropriately evaluated the totality of the circumstances surrounding Daniele's work for Percy in determining that she was his employee.

¶8            At the hearing, Percy testified he owned the wrestling ring, the cameras, the costumes worn by the models/performers—30 to 40 bikinis and 20 one-piece suits—and various props used in filming the videos. Percy supervised the production of the videos and retained the right to hire or terminate the models/performers. He also taught the models/performers how to perform the various wrestling techniques.

Percy also testified that he could not operate his business without the models/performers he hired.

¶9          Daniele testified, without objection, that Percy directed what persona she should portray and dictated what color her hair should be. While filming the videos, Percy provided "complete direction" on scripts. He also directed when to start and stop shooting and if a scene needed to be redone. Percy also did the post-production editing and uploaded the videos to the website. Although Daniele was free to do other work, she started working for Percy in 2012 and her work for Percy was "almost like an everyday thing" and was "very, very steady." Indeed, Daniele testified that "right before" she was injured, she and Percy had discussed "making my job with him more full time."

¶10          Given the evidence presented at the hearing, we agree with the ALJ that Percy retained the right to control and supervise the models/performers. *See Home Ins. Co.*, 123 Ariz. at 350, 599 P.2d at 803 ("The right to control or supervise the method of reaching a specific result determines whether an individual is an employee or an independent contractor.") (citations omitted). Percy's business could not operate without the models/performers, and he regularly directed the models/performers during the video shoots to fill his clients' orders. Because the evidence at the hearing established that Percy had the right to control the details of Daniele's work, and indeed exercised that right, Daniele was Percy's employee and not an independent contractor.

¶11          Percy also argues the ALJ failed to give a negative inference to Daniele's failure to disclose her tax records. We reject this argument.

¶12          At her deposition, Daniele was asked for a copy of her 2014 tax returns. However, neither Percy nor the SFD questioned Daniele about her tax returns at the hearing. Indeed, Percy did not raise the issue of Daniele's tax returns until this appeal. And, although the SFD raised her failure to provide the tax returns in its post-hearing brief, Percy did not. By the time the SFD raised the issue of Daniele's tax returns, the record before the ALJ had closed. *See* Ariz. Admin. Code ("A.A.C.") R20-5-159 (award shall be based upon record as it exists at conclusion of hearing). Furthermore, neither Percy nor the SFD served interrogatories on Daniele seeking production of the tax returns under A.A.C. R20-5-144, and neither Percy nor the SFD moved to compel the production of the tax returns under A.A.C. R20-5-145(B). Therefore, the ALJ properly issued its award without finding a negative inference.

**CONCLUSION**

¶13   For the foregoing reasons, we affirm the ALJ's award.



AMY M. WOOD • Clerk of the Court
FILED: AA