NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

J-KING EXCAVATING; ARIZONA VALLEY HOME BUILDERS, LLC
d/b/a J-KING EXCAVATION; J-KING EXCAVATION, LLC d/b/a J-
KING EXCAVATING; BOB MICHAEL ELLIS, *Petitioner Employers*,

*v.*

INDUSTRIAL COMMISION OF ARIZONA, *Respondent*,

AMBER CONLEY, *Respondent Employee*,

ICA SPECIAL FUND DIVISION/NO INSURANCE SECTION, *Respondent
Party in Interest*.

No. 1 CA-IC 24-0025

FILED 02-27-2025

Special Action - Industrial Commission
No. 20223550014
The Honorable Robert E. Trop, Administrative Law Judge

**AFFIRMED**

COUNSEL

Corl Law Practice PLLC, Chandler
By Robert D. Corl
*Counsel for Petitioner Employer*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent ICA*

Snow Carpio Weekley PC, Phoenix
By Brian A. Weekley
*Co-Counsel for Respondent Employee*

Broening Oberg Woods & Wilson PC, Phoenix
By Kelley M. Jancaitis
*Co-Counsel for Respondent Employee*

Industrial Commission of Arizona, Phoenix
By Scott J. Cooley
*Counsel for Respondent Party in Interest*

---

**MEMORANDUM DECISION**

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Daniel J. Kiley and Judge David D. Weinzweig joined.

---

**C A T L E T T**, Judge:

¶1　　　　In this workers' compensation case, J-King Excavation, LLC ("J-King") argues the Administrative Law Judge ("ALJ") erred in finding that Amber Conley ("Conley") was an employee eligible for workers' compensation benefits. Because the ALJ correctly concluded Conley was J-King's employee, we affirm the award.

**FACTS AND PROCEDURAL HISTORY**

¶2　　　　We view the evidence in the light most favorable to affirming the award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105 ¶ 16 (App. 2002).

¶3　　　　Bob Michael Ellis ("Ellis") is the sole owner of J-King. In May 2022, Ellis interviewed and hired Conley to be a ground worker. Ellis instructed Conley on her responsibilities, which included watering the ground at excavation sites to control dust, picking up equipment or tools for other workers, and cleaning and fueling excavation equipment. Ellis provided Conley with a truck, company debit card, and the tools and equipment required for her job. J-King paid Conley per hour on a weekly basis without payroll or tax deductions.

¶4　　　　In December 2022, Ellis asked Conley to clean a piece of grading equipment to prepare it for transport. Conley climbed on the

2

equipment to clean the back window and fell, sustaining injuries. Conley filed a workers' compensation claim, which the Industrial Commission of Arizona ("ICA") denied. Conley requested a hearing with an ALJ.

¶5        The ALJ held a hearing where Conley testified that she believed J-King was her employer and, as her boss, Ellis had the right to hire and fire her. Ellis testified J-King did not have any employees—only independent contractors. Ellis also testified Conley's employment was "open-ended," but the job on which she was injured was the last job he had for her.

¶6        Applying the control test, the ALJ found Conley and J-King had a regular, open-ended relationship, J-King provided Conley with equipment necessary to perform her job, Ellis assigned and instructed Conley on what tasks to perform, J-King paid Conley per hour on a weekly basis, and Conley used a J-King debit card for supplies. The ALJ also noted a lack of evidence that Conley worked as an independent contractor on a regular basis for any other company during the time she worked for J-King. Finally, the ALJ found Conley's cleaning and dust control duties were not incidental to J-King's business operations because J-King was legally required to control dust at its excavation sites and clean equipment to prevent debris from falling off during transport. The ALJ concluded Conley's injury arose out of and during an employer-employee relationship with J-King and therefore found Conley's claim compensable. At J-King's request, the ALJ issued a decision upon review and affirmed the award.

¶7        J-King sought special action review. We have jurisdiction. *See* A.R.S. §§ 12-120.21(A)(2), 23-951(A); Ariz. R.P. Spec. Act. 21.

## DISCUSSION

¶8        J-King argues the ALJ made factual errors in applying A.R.S. § 23-902 and the control test and concluding that Conley was an employee, not an independent contractor. Whether a worker was an employee is a mixed question of law and fact. We defer to the ALJ's factual findings underlying its determination that a worker was an employee. *Danial v. Indus. Comm'n*, 246 Ariz. 81, 83 ¶ 11 (App. 2019). But whether the factual findings adequately support that the worker was an employee is a question of law we review *de novo*. *Id.*

¶9        To start, we reject J-King's argument that the ALJ made factual errors in applying § 23-902 and the control test. J-King argues the ALJ ignored testimony proving Conley was an independent contractor. To the contrary, the ALJ's decisions thoroughly and accurately summarized

the testimony and evidence. The ALJ did not ignore testimony but instead found certain testimony more credible—a determination it was entitled to make as "the sole judge of witness credibility." *Holding v. Indus. Comm'n*, 139 Ariz. 548, 551 (1984). Because those credibility determinations were reasonable, we will not disturb them. *See Henderson-Jones v. Indus. Comm'n*, 233 Ariz. 188, 191–92 ¶ 9 (App. 2013) ("[T]he ALJ is at liberty to choose whichever [indicia] he or she finds most credible, and this court will not disturb the ALJ's conclusion unless it is wholly unreasonable.").

**¶10**         Under Arizona workers' compensation laws, only employees injured in the course of employment are eligible for compensation. *Danial*, 246 Ariz. at 83 ¶ 12. An "employee" is a worker "over whose work the employer retains supervision or control, and the work is a part or process in the trade or business of the employer[.]" A.R.S. § 23-902(B). An independent contractor, on the other hand, is not eligible for workers' compensation. An independent contractor is a worker who is "not subject to the rule or control of the business for which the work is done, but is engaged only in the performance of a definite job or piece or work, and is subordinate to that business only in effecting a result in accordance with that business design[.]" A.R.S. § 23-902(C).

**¶11**         In workers' compensation cases, we apply the control test to determine whether a particular worker is an employee or an independent contractor. *See Cent. Mgmt. Co. v. Indus. Comm'n*, 162 Ariz. 187, 189–90 (App. 1989). We look "to the totality of the facts and circumstances of each case, examining various indicia of control." *Home Ins. Co. v. Indus. Comm'n*, 123 Ariz. 348, 350 (1979). These indicia include:

> [T]he duration of the employment; the method of payment; who furnishes necessary equipment; the right to hire and fire; who bears responsibility for workmen's compensation insurance; the extent to which the employer may exercise control over the details of the work, and whether the work was performed in the usual and regular course of the employer's business.

*Id.* "No one factor is determinative[.]" *Munoz v. Indus. Comm'n*, 234 Ariz. 145, 150 ¶ 16 (App. 2014).

**¶12**         Multiple indicia support that Conley was J-King's employee. Conley's relationship with J-King was "open-ended," not for a specific job or contract. *See Cent. Mgmt. Co.*, 162 Ariz. at 190 (finding an employee relationship where a worker's position was permanent as opposed to being

hired only for a particular job or piece of work). J-King paid Conley per hour on a weekly basis. *See Swichtenberg v. Brimer*, 171 Ariz. 77, 83 (App. 1991) (finding an employee relationship where the worker was paid by the hour as opposed to being paid by the job). J-King provided Conley with the tools and equipment needed for her job, including a work truck and debit card. *See id.* (finding an employee relationship where the employer provided all equipment and supplies). J-King was legally required to control dust at excavation sites and clean dirt and debris off equipment before transport. So Conley performed her work in the usual and regular course of J-King's business. *See id.* (finding an employee relationship where a worker performed duties in the usual and regular course of the employer's business). J-King instructed Conley how to clean the grading equipment, the task she was performing when injured. *See id.* (finding an employee relationship where the employer gave "specific directions concerning the very job" where the worker was injured). As Conley's boss, Ellis could hire or fire her. Finally, Conley explained that Ellis instructed her how to perform her duties and Ellis testified he sent his workers job assignments, which supports that J-King exercised control over the details of Conley's work. Under the control test, Conley was an employee.

¶13         J-King argues Conley was injured cleaning equipment on a Sunday, when J-King is "closed," and no one is authorized to work. But J-King's first instruction to clean the equipment came on Friday afternoon, so the equipment could be picked up Monday morning. The equipment first arrived at Conley's jobsite Sunday morning. As J-King instructed, Conley worked on cleaning the equipment so it would be ready by Monday morning. To do so, she climbed onto the equipment to clean the back window, when she fell.

¶14         Contrary to J-King's argument, Conley worked on Sunday because she was not provided with the necessary equipment until Sunday, and J-King wanted her to finish by Monday morning. So, even if J-King was "closed" on Sundays, Conley was using equipment that arrived on Sunday to meet a Monday deadline. This supports that J-King exercised control consistent with an employee-employer relationship.

¶15         We agree with the ALJ that Conley was an employee eligible for workers' compensation when she was injured.

## CONCLUSION

¶16          We affirm the award.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR